PER CURIAM.
This is an appeal from an adjudication of delinquency for the delinquent act of carrying a concealed weapon, to wit: brass knuckles, following appellant’s plea of nolo contendere which specifically reserved for appeal the right to challenge the correctness of the trial court’s denial of appellant’s motion to suppress. Appellant urges that the stop of his vehicle was improper because the police did not have a well-founded or reasonable suspicion that he “had committed a violation of the criminal laws of this state” sufficient to justify a stop under Section 901.151(2), Florida Statutes (1979), Florida’s Stop and Frisk Law, and that accordingly, the subsequent frisk of his person was illegal. We agree and reverse.
The facts are undisputed, being based solely upon the deposition testimony of the arresting officer; Officer Wilmoth of the Jacksonville Sheriff’s Office. Around midnight May 28, 1979, Wilmoth received a BOLO (be on the lookout report) advising him that a robbery had just occurred at a liquor store on U.S. 1 and Wagner Road and that he should look for at least two white males with curly hair. Within one to two minutes of the BOLO and at a point within three-quarters to one mile from the scene of the robbery, Wilmoth observed an automobile traveling on Wagner Road in a direction away from the liquor store which had three to four occupants, two to three of them silhouetting “fairly bushy” hair. Wil-moth stopped the vehicle, and upon the arrival of back-up units, frisked the occupants of the vehicle, three white males and one white female. Wilmoth indicated that *696 the occupants closely matched the description given over the BOLO. Subsequent investigation revealed that these individuals had not committed the robbery, so all except appellant were released.
The dispositive issue is whether there was an objective, articulable basis for Wilmoth to believe that the occupants of the vehicle which he stopped might have been involved in the robbery. We find there was not. The description of the suspects given over the BOLO was lacking in specificity. As noted in State v. Hetland, 366 So.2d 831, 839 (Fla. 2d DCA 1979), “a vague description simply would not justify a law enforcement officer in stopping every individual who, or every vehicle which, might possibly meet that description.” There was no indication that Wagner Road was a fairly untravelled road at this hour or that it was one of the few routes available for flight from the scene of the robbery. Under the circumstances presented here we do not believe Wilmoth had a founded suspicion based upon objective articulable facts to properly justify his stop of appellant’s vehicle. Compare, State v. Gamble, 370 So.2d 428 (Fla. 3d DCA 1979); Franklin v. State, 374 So.2d 1151 (Fla. 3d DCA 1979); and Byrd v. State, 380 So.2d 457 (Fla. 1st DCA 1980).
Accordingly, we conclude that the trial court erred in denying appellant’s motion to suppress. The adjudication of delinquency is reversed and the cause is remanded to the trial court with directions that appellant be discharged.
ERVIN and LARRY G. SMITH, JJ., concur.
SHIVERS, J., dissents with opinion.