407 So.2d 966 (1981)
Willie PLANT, Appellant,
v.
STATE of Florida, Appellee.
No. AC-361.
District Court of Appeal of Florida, First District.
December 9, 1981.
Rehearing Denied January 12, 1982.
*967 Michael E. Allen, Public Defender, and Nancy Daniels, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
PER CURIAM.
Just before 2 a.m. on the morning of November 20, 1980, two black men held up a gas station in the Jacksonville suburb of Arlington. Within 30 seconds of the robbers' leaving, the police were notified to be on the lookout for two black men. Although no auto was mentioned the robbery matched the modus operandi of several recent robberies in the Arlington area in which the robbers fled in a blue medium sized sedan. Upon receiving the bolo, and aware of the previous robberies, Officer Mundy positioned his patrol car where he could see all traffic coming off the Arlington Expressway into the Jacksonville downtown area. This was the logical escape route and was lightly traveled at the time. As the bolo was improved by the additional information that one robber had worn a brown shirt Mundy observed a blue 1976 Volare coming from Arlington. He saw that the passenger was wearing a brown shirt. Both the passenger and driver were black males.
As Mundy started to follow the Volare the driver attempted flight. After a half mile chase the Volare stopped. The driver started away on foot, halting when ordered to by Mundy, who had drawn his revolver. The passenger also started away and was stopped. Both were confined to the patrol car and read their rights. Mundy was informed by radio that the stolen items were a white trash bag of cigarette cartons and a brown paper bag of money. A white trash bag of cigarette cartons was visible through the car window. A brown bag was under the seat although visible. Mundy entered the car and opened the brown bag, finding money in the proper denominations. The two men were then taken to the crime scene where they were identified by the station attendant. They were then formally arrested.
Plant, the driver and owner of the car and the appellant here, moved to suppress the cigarettes, money, identification, and a subsequent confession as products of an unlawful stop, which motion was denied. He also challenged the confession as involuntary but waived that issue later, Brown v. State, 376 So.2d 382 (Fla. 1979); Wood v. State, 399 So.2d 108 (Fla. 1st DCA 1981). Plant, unlike his co-defendant, Thomas, pled nolo reserving the right to appeal the suppression issue.
The issue here is whether there was probable cause for the stopping of the automobile by Officer Mundy. The appellant relies on our decision in L.T.S. v. State, 391 So.2d 695 (Fla. 1st DCA 1980). That case is distinguished by the facts that this auto fit a known pattern of similar robberies, the lightness of the traffic in the case sub judice and the logic of the expressway as an escape route. Cf. Franklin v. State, 374 So.2d 1151 (Fla.3rd DCA 1979). Upon consideration of all the facts we are of the opinion that Officer Mundy had probable cause to stop this automobile. His activity on this night strikes us as good police work.
The judgment and sentence are AFFIRMED.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.