PER CURIAM.
Appellant-defendant appeals from an order of the Circuit Court of Monroe County, Florida denying a motion to suppress tangible evidence, i.e., marijuana, which was seized when defendant’s van was stopped by officers of the sheriff’s department of Monroe County.
The stop was based on information received by the deputies via communications with another deputy, who had been informed by the communications center that an individual had called concerning objects being loaded from a boat into a van. Based upon this information and a description of the van, the appellant was stopped by the deputies. Upon being stopped, the appellant allowed the deputies to look into the back of the van; whereupon a deputy saw what he believed to be marijuana. A strong odor of marijuana had been detected immediately upon making the stop and approaching the driver. Subsequently, a search of the van took place and marijuana packaged in burlap and plastic bags was seized.
Appellant’s contentions on appeal are (1) that the stop of the appellant’s vehicle was illegal and the evidence seized as a result of the stop should have been suppressed; (2) that the appellant did not knowingly and intelligently consent to the search of his vehicle and the contents thereof; and (3) that the scope of the search conducted by the deputies went beyond any alleged consent given by the appellant, and that the opening of the burlap bags itself warrants suppression of the marijuana.
We have reviewed the record and considered appellant’s contentions and have found them to be without merit. United States v. Ross, - U.S. -, 102 S.Ct. 2157, 72 L.Ed.2d - (1982); Hetland v. State, 387 So.2d 963 (Fla.1980); State v. Perera, 412 So.2d 867 (Fla. 2d DCA 1982); Plant v. State, 407 So.2d 966 (Fla. 1st DCA 1981); State v. Francois, 355 So.2d 127 (Fla. 3d DCA 1978).
The judgment and sentence are affirmed.
Affirmed.