419 So.2d 1170 (1982)
Moses ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-408.
District Court of Appeal of Florida, Second District.
September 29, 1982.
Jerry Hill, Public Defender, and David A. Davis, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Moses Ross appeals judgments and sentences for possession of a firearm by a convicted felon and possession of less than 20 grams of marijuana, contending that the trial court erred in denying his motion to suppress the evidence. We hold that the initial stop by the police was not justified, and we therefore reverse.
At about eleven p.m. on September 12, 1981, Sarasota police officers Wall and Benton received a radio dispatch regarding an assault near a bar involving a "black male with short cropped hair, wearing a white tee shirt and wearing blue jeans" who was last seen heading north. While responding to another call, they noticed appellant walking south. Appellant fit the description given over the radio, except that his hair was plaited.
Twenty-five minutes later, after resolving a domestic altercation, the officers relocated appellant and decided to stop him. Upon discovering an outstanding charge against him, they arrested and searched him, finding a pistol and some marijuana on his person, which formed the basis of the instant charges against him.
Clearly, the officers did not have a founded suspicion to justify their stop of appellant. The BOLO description was general, and appellant's clothing was hardly unusual or distinctive. The description could have fit many people in that area, it being a black neighborhood and an hour when many people were on the street. Moreover, appellant's hair style and the direction in which he was walking when first spotted were inconsistent with the BOLO information. See State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), aff'd, 387 So.2d 963 (Fla. 1980), Lewis v. State, 337 So.2d 1031 (Fla. 2d DCA 1976), cert. denied, 345 So.2d 427 (Fla. 1977).
Accordingly, appellant's judgments and sentences are REVERSED.
HOBSON, A.C.J., and DANAHY, J., concur.