433 So.2d 1303 (1983)
Willie R. SUMLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-102.
District Court of Appeal of Florida, Second District.
July 1, 1983.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant Willie Sumlin appeals the trial court's denial of his motion to suppress evidence seized and statements that he made after a police officer stopped the vehicle in which he was an occupant. We agree with his contention that the stop was improper because it was not based on a founded suspicion.
Officer Benjamin C. Hulthusen of the St. Petersburg Police Department was the only witness to testify at the hearing on Sumlin's motion to suppress. The officer testified that at 3:30 on the afternoon of September 20, 1982, he stopped a white over gold Pontiac occupied by two black males and one black female. He stopped the car on a well-traveled street in downtown St. Petersburg. He acknowledged that the car was traveling normally and that no traffic violation had been committed. The officer stated that he had remembered a BOLO (be on the lookout report) that had been issued in connection with some robberies in the area, which had occurred within the last several weeks. The description of suspects in the BOLO was for three black males, one of whom was in his twenties, in a white over gold Oldsmobile. No BOLO had been issued the day of the stop in question, nor was there any broadcast of criminal activity. However, the officer observed defendant Sumlin sitting in the back seat of the Pontiac and thought he matched the BOLO description of a young black male in his twenties. The officer then stopped the vehicle, called in, and learned that there was an outstanding warrant against the defendant. He then arrested the defendant, and his search of the defendant and the vehicle revealed some marijuana.
The trial court denied defendant's motion to suppress, after which defendant withdrew his earlier plea of not guilty and pled *1304 nolo contendere, reserving the right to appeal the denial of his motion to suppress. He was subsequently adjudicated guilty of possession of marijuana in violation of section 893.13, Florida Statutes (1981). The court placed him on probation for three years, and this appeal ensued.
In order to stop an automobile and to request identification from its occupants, it is not necessary for the police to have probable cause. Rather, the police are governed in this respect by section 901.151, Florida Statutes (1981), and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In effect, it is required that the officer have a founded or reasonable suspicion, which requires further investigation. The circumstances must reasonably indicate that the occupants of the vehicle have committed, are committing, or are about to commit a crime. Lewis v. State, 337 So.2d 1031 (Fla. 2d DCA 1976), cert. denied, 345 So.2d 427 (Fla. 1977); § 901.151(2), Fla. Stat. (1981). A "mere" or "bare" suspicion will not suffice. In the Interest of R.B. v. State, 429 So.2d 815 (Fla. 2d DCA 1983); Coleman v. State, 333 So.2d 503 (Fla. 4th DCA), cert. denied, 342 So.2d 1103 (Fla. 1976).
Several factors are relevant in considering a vehicle stop pursuant to a BOLO: the length of time and distance from the offense; route of flight; specificity of the description of the vehicle and its occupants; and source of the BOLO information. See, L.T.S. v. State, 391 So.2d 695 (Fla. 1st DCA 1980); State v. Merklein, 388 So.2d 218 (Fla. 2d DCA 1980), petition for review denied, 392 So.2d 1377 (Fla. 1981); Franklin v. State, 374 So.2d 1151 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1113 (Fla. 1980); State v. Gamble, 370 So.2d 428 (Fla. 3d DCA 1979); State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), aff'd., 387 So.2d 963 (Fla. 1980).
The facts herein do not sustain a founded suspicion by Officer Hulthusen. The officer stopped the car in midafternoon on a well-traveled street. The car was not being driven in any unlawful manner, and neither the car nor the occupants directly matched the actual description of the BOLO. A vague description simply will not justify a law enforcement officer in stopping every individual or vehicle which might possibly meet that description. State v. Hetland. Moreover, the car was not close to a crime scene in either time or distance. In fact, the BOLO itself was at least a week old. The circumstances known to the officer were insufficient to reasonably indicate that the occupants of the car had committed, were committing, or were about to commit a crime. Thus, the court erred in denying defendant's motion to suppress.
REVERSED.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.