454 So.2d 737 (1984)
Danny E. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-7.
District Court of Appeal of Florida, Second District.
August 17, 1984.
*738 Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Defendant Danny Williams appeals from the order withholding adjudication of guilt and placing him on five years probation. The defendant pled nolo contendere to a charge of possession of marijuana, specifically reserving the right to appeal the denial of his motion to suppress evidence. The state stipulated that the entry of the order denying suppression was dispositive of the case. We reverse and order appellant discharged.
The following relevant facts were developed at the suppression hearing. Two city of Tampa police officers were cruising the projects on routine patrol when an anonymous citizen approached them and announced that a tall, black man was selling marijuana in front of the My Place Bar several blocks down the street. The officers proceeded immediately to the bar whereupon they observed the defendant sitting out front. Although the officers did not observe any suspicious conduct on the part of the defendant, they decided to approach him. Upon reaching the spot where defendant was seated, they said something to the effect of "What are you doing selling marijuana this time of the day?" They also noticed a large bulge protruding from the front of the defendant's mid-section. One of the officers patted the bulge and felt what he suspected to be marijuana. The defendant was then instructed to pull up his shirt thereby exposing a bag containing smaller baggies of marijuana. At no time did the officers suspect the defendant was armed or dangerous.
The trial court denied the motion to suppress on probable cause grounds. According to the court, the tip was sufficiently corroborated in that a tall, black man was found in front of the named bar. Furthermore, once the officer patted the bulge and determined in his own mind that it was marijuana, the officer had probable cause to do "whatever he wished."
On appeal defendant asserts that the officers' investigatory actions should be analyzed pursuant to Florida's Stop and Frisk Law, section 901.151, Florida Statutes (1983). Specifically, defendant contends the officers' seizure of the marijuana was improper as they never suspected the bulge in his shirt contained a weapon. While we agree with this contention, we need not address it since we believe the officers exceeded their authority in stopping the defendant.
In order to justify an investigatory stop of an individual, an officer must have a reasonable, well-founded suspicion that the person has committed, is committing, or is about to commit a criminal offense. Wilson v. State, 433 So.2d 1301 (Fla.2d DCA 1983); Kearse v. State, 384 So.2d 272 (Fla.4th DCA 1980); State v. Stevens, 354 So.2d 1244 (Fla.4th DCA 1978); State v. Payton, 344 So.2d 648 (Fla.2d DCA 1977); Lewis v. State, 337 So.2d 1031 (Fla.2d DCA 1976), cert. denied, 345 So.2d 427 (Fla. 1977); § 901.151, Fla. Stat. (1983). A mere or bare suspicion will not suffice. Sumlin v. State, 433 So.2d 1303 (Fla.2d DCA 1983); Coleman v. State, *739 333 So.2d 503 (Fla.4th DCA), cert. denied, 342 So.2d 1103 (Fla. 1976). The officer's suspicion must be based on observed facts interpreted in light of the officer's knowledge, training, and practical experience. Taylor v. State, 384 So.2d 1310 (Fla.2d DCA), petition for review denied, 392 So.2d 1390 (Fla. 1980); Wilson v. State. The officer must be able to point to specific and articulable facts which, taken together with rational inferences therefrom, reasonably justify the stop. State v. Webb, 398 So.2d 820 (Fla. 1981). The question whether a valid stop may be predicated on an anonymous tip is determined by the reliability of the information given in the tip. State v. Hetland, 366 So.2d 831 (Fla.2d DCA 1979), aff'd, 387 So.2d 963 (Fla. 1980). Such reliability may be shown through the surrounding circumstances or through the nature of the information itself. Id.
Sub judice we have no trouble concluding that the officers did not possess the founded suspicion necessary to conduct the stop. When the officers decided to pursue the tip to the My Place Bar, the only information they had was that a tall, black man was selling marijuana. This vague, general description may have implicated many black men and thus we can not agree with the trial court that defendant's presence at the bar served to sufficiently corroborate the tip. See Ross v. State, 419 So.2d 1170 (Fla.2d DCA 1982) (tip that a black male with short cropped hair, wearing a white tee shirt and blue jeans was involved in an assault could have fit many people in the black neighborhood). Had the tip been more specific, however, and had the officers been able to corroborate the details of the tip, then the test of the reliability would have been met. Such detail in a tip carries a strong indication that the tip is based on the personal observation of the informant as opposed to mere rumor. State v. Hetland, 366 So.2d at 839.
Upon their arrival at the bar, the officers noticed the defendant sitting out front. Although he fit the description, the officers did not observe him engaged in any suspicious activity. Nor did the officers attempt to corroborate through surveillance the substance of the tip, to wit: that someone was selling marijuana. As the officers approached, the defendant did not make any furtive movements nor did he attempt to flee.
In Hetland, we noted that a vague description will not always suffice to justify a law enforcement officer in stopping every individual who might possibly meet that description. Here, the vague description, combined with the lack of corroborating circumstances observed by the officers, was insufficient to reasonably indicate that the defendant was involved in criminal activity. Thus, we hold that the trial court erred in denying defendant's motion to suppress.
In view of our disposition of the issue, we need not address defendant's other point on appeal.
REVERSED.
SCHEB and SCHOONOVER, JJ., concur.