LEHAN, Judge.
We reverse defendant’s convictions for possession of cocaine and possession of drug paraphernalia. We conclude that the trial court erred in denying defendant’s motion to suppress and that the search and arrest of defendant grew out of an improper stop.
The arrest of defendant and seizure of the cocaine and drug paraphernalia resulted from a stop of defendant by an officer approximately thirty minutes after a report of a robbery which occurred four or five blocks away from where the officer observed defendant standing on a street corner holding a baby and talking to a woman. The description of the suspects which had been given to the officer were “a black male, approximately six feet tall, slim build, grayish-bluish type pullover shirt and blue jeans, possibly in his teens.” The other individual was described as being a “shorter, heavier black male with the same color shirt.” Although the officer’s testimony was to the effect that when he first observed defendant he thought defendant matched the physical description of the first of the foregoing suspects, he also testified that when he approached defendant he realized that defendant did not match the age and height description. Defendant was 37 years old and 5’6” tall. Defendant was wearing a gray shirt.
Following the stop the officer noticed a bulge at defendant’s ankle and, after raising defendant’s trouser leg, saw a paper bag in defendant’s sock. The officer touched the bag, ascertained that it contained syringes, opened the bag, and discovered syringes. A subsequent search produced cocaine from defendant’s pocket.
An officer can only stop and detain a citizen if he has a “founded suspicion” of illegal activity. § 901.151, Fla.Stat. (1983); State v. W.O.R., 382 So.2d 763 (Fla. 2d DCA), petition for review denied, 388 So.2d 1120 (Fla.1980); State v. Hunt, 391 So.2d 760 (Fla. 5th DCA 1980). A founded suspicion is a suspicion which has some factual foundation in the circumstances observed by the officer when interpreted in light of the officer’s knowledge. State v. Spurling, 385 So.2d 672, 674 (Fla. 2d DCA), petition for review denied, 392 So.2d 1379 (Fla.1980); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978).
In finding that the stop in this case was improper we apply the proscription that “[a] vague description simply will not justify a law enforcement officer in stopping every individual ... which might possibly meet that description.” Sumlin v. State, 433 So.2d 1303, 1304 (Fla. 2d DCA 1983). See also L.T.S. v. State, 391 So.2d 695 (Fla. 1st DCA 1980).
*258 The record contains no evidence of any distinctive or unique characteristic of defendant’s shirt as matching that of one of the robbery suspects. We note that following defendant’s arrest, the victims of the robbery failed to identify him as one of the robbers and he was not charged with the robbery.
Reversed and remanded.
CAMPBELL, A.C.J., and FRANK, J., concur.