495 So.2d 191 (1986)
Robert STRONG, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2827.
District Court of Appeal of Florida, Second District.
August 13, 1986.
Rehearing Denied October 1, 1986.
James Marion Moorman, Public Defender, Bartow and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
*192 Jim Smith, Atty. Gen., Tallahassee and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Robert Strong appeals the trial court's denial of his motion to suppress. We reverse.
The state charged appellant with carrying a concealed firearm contrary to section 790.01(2), Florida Statutes (1985). Appellant pleaded not guilty and filed a motion to suppress.
At the hearing on the motion, the officer testified that he had received a dispatch that an anonymous caller had stated that there was a black male wearing dark clothing with a handgun at a particular convenience store. When the officer arrived at the store two to three minutes later, he saw two black males sitting on the curb. Because appellant's clothing was darker than the other black male's clothing, the officer approached appellant and asked if he had a gun. Appellant stated he did not, but the officer asked him to stand up for a pat-down. The pat-down revealed a small handgun in appellant's rear pocket. The officer then placed appellant under arrest.
The trial court denied appellant's motion to suppress, stating that the second district's opinion in Williams v. State, 454 So.2d 737 (Fla. 2d DCA 1984) was distinguishable in that the anonymous tip in appellant's case involved a firearm. The court then cited Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). After the denial of his motion, appellant changed his plea to nolo contendere and reserved the right to appeal the suppression issue.
The pertinent facts in this case are very similar to those in Williams, 454 So.2d at 737, in which we held that an anonymous tip that a tall, black man was selling marijuana in front of a particular bar was too vague to have provided a founded suspicion for the stop. In this case, the anonymous tip that a black man in dark clothing had a handgun at a particular location was no more specific than that in Williams. Additionally, as in Williams, there were no corroborating circumstances to indicate that appellant was involved in suspicious activity. Appellant was one of two men sitting on the curb in front of the convenience store when the officer arrived. The officer approached appellant because he was wearing dark-colored clothing and the other man was wearing light-colored clothing. Although appellant fit the general description of the anonymous tip, that description could have fit many men. See Ross v. State, 419 So.2d 1170 (Fla. 2d DCA 1982) (radio dispatch describing black male with short-cropped hair wearing white tee shirt and blue jeans was general; clothing description was not unusual or distinctive; stop not justified). Cf. State v. Hetland, 366 So.2d 831, 833 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (Fla. 1980) (anonymous tip that named individual described as white male, six feet tall, dirty, shoulderlength hair, full beard and mustache, wearing tank shirt, denim pants and blue denim jacket on his way to a specified bar while carrying a silver revolver with a black handle was specific; stop valid).
In Hetland, we stated that although an anonymous tip can be the basis of a valid stop, not every stop based on such a tip is always valid. Id. at 838. Factors to consider include the specificity of the information. A vague description does not justify an officer in stopping every individual who might possibly fit that description. Id. at 839. In this case, the description of a black man wearing dark clothing was too vague under Williams, Ross and Hetland.
The trial judge ruled that this case is distinguishable from Williams because it involved a firearm and cited Terry, 392 U.S. at 1, 88 S.Ct. at 1868, 20 L.Ed.2d at 889 to support this reasoning. Under Terry, a police officer may conduct a frisk for weapons if the officer has reason to believe the person is armed and dangerous. However, the reason to frisk must be based upon specific reasonable inferences surrounding the circumstances of the case. Terry's recognition of an officer's need to *193 frisk for weapons in certain circumstances did not justify the officer's reliance on a vague anonymous tip to stop and frisk appellant in this case. Without other corroborating circumstances or indicia of reliability to ensure that appellant was actually the person described in the tip, and without personally observing any suspicious activity by appellant, such as in Terry, the officer could have no founded suspicion that appellant had a gun.
Contrary to the state's argument, the facts in this case are not analogous to Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984). In Lightbourne, the justification for the pat-down was the defendant's furtive movements and nervous appearance during police questioning. In appellant's case, there is no evidence that the officer conducted the pat-down other than the fact that appellant fit the general description of the anonymous tip. But for that tip, the officer would have had no other reason to suspect appellant was in possession of a concealed firearm. Even if the stop could be justified as a consensual encounter, "[a] valid stop does not necessarily mean that there can be a valid frisk." State v. Webb, 398 So.2d 820, 822 (Fla. 1981). In this case, the stop was invalid and the pat-down was not the result of any reasonable grounds to believe appellant was armed and dangerous which might have developed during any consensual questioning. The trial court erred in denying appellant's motion to suppress.
Reversed and remanded with instructions to vacate appellant's conviction.
DANAHY, C.J., and FRANK, J., concur.