# STATE OF FLORIDA v RODRIGUEZ

## Case No. 86-327-AC

Eleventh Judicial Circuit, Appellate Division, Dade County

September 9, 1987

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General, and **Susan Odzer Hugen-tugler,** Assistant Attorney General, for appellant.

**H. Frank Rubio** for appellee.

Before BARAD, MASTOS, FULLER, JJ.

### OPINION OF THE COURT

MASTOS, Judge.

The State of Florida, appellant herein, appeals from an order of the

trial court granting the defendant's motion to suppress all physical evidence, to wit: cash, cardboard backing, carbon paper and other evidence of lottery, obtained incidental to a stop and search of the defendant's vehicle. The trial judge concluded in his order granting the motion to suppress that there was simply "no articulable suspicion" for the stop of the vehicle.

The issue in this case is whether the police properly stopped the defendant's vehicle, i.e., whether the police had a founded or reasonable suspicion, which required further investigation, that the occupant of the vehicle had committed, was committing or was about to commit a crime.

A thorough review of the record in this case clearly demonstrates that the stop of the defendant's vehicle was premised upon information received from a known, reliable, confidential information and independently corroborated by three days of police surveillance. All of this information taken as a whole, gave the police the right to at least stop the vehicle in question and, if possible, further investigate based on the information previously compiled. The subsequent investigation, of course, was made considerably easier in that the lottery papers were in plain view on the vehicle's dashboard. Without question, then, the right to stop the vehicle coupled with the discovery of lottery papers in plain view gave rise to probable cause with which to make the arrest.

Accordingly, the trial judge was in error in granting defendant's motion to suppress, and we, hereby, reverse and remand for proceedings not inconsistent herewith. See: Fla. Stat. § 901.151; *Sumlin v. State,* 433 So.2d 1303 (Fla. 2d DCA 1983).