528 So.2d 955 (1988)
Michael BUSSEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-365.
District Court of Appeal of Florida, Third District.
July 19, 1988.
*956 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott, Asst. Atty. Gen., for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
Bussey appeals from an order withholding adjudication of guilt and granting one year of probation.[1] We affirm.
At approximately 1:30 a.m., police received an anonymous tip that two black males were removing a tire from a vehicle located in the parking lot of an apartment complex. The tipster told the police that the vehicle was parked on the west side of the complex. The tipster also furnished the address of the complex and indicated that one of the two men was wearing a white T-shirt and brown shorts.
The police arrived at the complex five minutes after receiving the tip. The parking lot was lit and deserted except for two black males, one of whom was wearing a white T-shirt and blue shorts. The men were observed within four feet of a vehicle which was missing the right rear tire. Tire removal tools were located nearby. Although other cars were parked in the lot, none was adjacent to the vehicle. The officers detained and questioned the men. A warrants search revealed two open warrants on Bussey, who was placed under arrest. A search incident to his arrest revealed cocaine. Following a hearing on Bussey's motion to suppress the cocaine, the trial court denied the motion, finding that the officers had reasonable suspicion to detain Bussey. Bussey then entered a plea of nolo contendere, reserving the right to appeal the denial of his motion. Adjudication *957 was withheld and Bussey was placed on one year's probation.
Bussey contends that the description given by the anonymous tipster was too vague and general to provide the officers with a reasonable belief that Bussey was involved in criminal activity. We disagree. A stop based upon an anonymous tip is valid where the reliability of the tip has been established through detailed and specific information later corroborated by prompt police action in locating the described individual in the named location. State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (Fla. 1980); see also McKee v. State, 430 So.2d 983 (Fla. 3d DCA), rev. denied, 437 So.2d 677 (Fla. 1983).
We find that the tip in this case meets the criteria established in Hetland While it would be ideal if every subject of an anonymous tip had a unique or flamboyant appearance, see Hetland (description of suspect as tall white male with dirty, shoulder-length blond hair, full beard and mustache, wearing tank-style shirt with denim jacket and pants, carrying a black-handled silver revolver), the reality is that many citizens have a nondescript appearance and choose plain-colored, understated garb of the type worn by Bussey. Although a description might fit many individuals in a given area, this fact, alone, will not invalidate a stop. Bussey's reliance upon Ross v. State, 419 So.2d 1170 (Fla. 2d DCA 1982), is misplaced. In Ross, the court held that the police lacked a founded suspicion to justify their stop of Ross. The court noted with disapproval that the BOLO description was general, Ross's clothing was not unusual or distinctive, and the description could have fit many people in the area. Unlike Ross, where the observations of the police at the scene contradicted BOLO information regarding Ross's hairstyle and direction of travel, here the information supplied by the tipster was consistent with the observations of police arriving at the apartment complex. The tip included specific information regarding a crime in progress, the exact address of the scene of the crime, and the location of the vehicle. The police responded with alacrity. No persons other than Bussey and his companion were observed at the scene. Bussey matched the BOLO description, except for a slight discrepancy in the color of his shorts.
Based upon the totality of circumstances, the police reasonably effected a Terry stop to ascertain Bussey's identity. The intrusion on Bussey's freedom of movement was de minimis. The stop itself would not have provided any basis for the subsequent search, were it not for the discovery of outstanding warrants on Bussey. In light of the warrants, however, the subsequent search was valid.
Affirmed.
NOTES
[1] We find no merit in the state's preservation argument concerning Bussey's right to appeal.