## BEITZ v STATE OF FLORIDA
## Case No. 87-12AC (County Court Case No. 86-3394MM10)

Seventeenth Judicial Circuit, Broward County

December 20, 1988

### APPEARANCES OF COUNSEL

**Laura R. Morrison,** for appellant.

**James P. McLane,** Assistant State Attorney, for appellee.

Before ROBERT B. CARNEY, Circuit Judge.

### OPINION OF THE COURT

The Appellant, John J. Beitz, appeals from the ruling of the County Court denying his Motion to Suppress and his Motion to Dismiss pursuant to Rule 3.190(c)(4). The facts are not in dispute.

Officer J.B. Spence of the Davie Police Department while on routine patrol was flagged down by a citizen who was walking next to Chevy's

Lounge. The citizen advised the officer than an extremely intoxicated gentleman in a yellow van was attempting to pull out of the parking lot. Based upon this information, Officer Spence went to the area described by the citizen and observed a yellow van pulling out of a parking space. The Officer parked his vehicle behind the van, effectively blocking its exit, and approached the driver asking him to step from the vehicle. Based upon his observations and conversations with the driver, the Appellant, the officer formed probable cause to arrest the Appellant for driving under the influence.

At issue is whether the uncorroborated tip of a citizen can form a sufficient basis for a brief investigatory stop. The Appellant cites *Williams v State*, 454 So.2d 737 (Fla. 2d DCA 1984) as authority. In *Williams* the police received an anonymous tip stating that "a tall black man was selling marijuana in front of the My Place Bar." The police responded to the My Place Bar and observed a tall black man who was detained. The Second District Court of Appeal had found the information in *Williams* insufficient to support an investigatory stop.

The State relies upon *State v Hetland*, 366 So.2d 831 (Fla. 2d DCA 1979). In *Hetland* the police received an anonymous phone call indicating that a man named Robert Hetland was on his way to Cherry's Bar to shoot someone. The caller described Hetland by name and appearance and indicated that he was carrying a silver revolver with a black handle. The Second District found that there was sufficient indicia of liability because of the specificity of the information given and upheld the investigatory stop.

This Court is cognizant of the fact that the evidence and all reasonable inferences and deductions which can be drawn therefrom should be interpreted in a light most favorable to sustain the trial judge. *Churney v State*, 348 So.2d 395 (Fla. 3d DCA 1977). Officer Spence, in this case, was provided a precise description of the vehicle and a precise location. Further, the offending conduct was described to the officer. This Court finds that there are sufficient facts which would support the trial court's finding of sufficient inditia of reliability to justify a brief investigatory stop.

The trial court was correct in denying the Defendant's Motion to Dismiss pursuant to Rule 3.190(c)(4). Accordingly, the decision of the trial court is affirmed and the cause remanded for further proceedings.

DONE AND ORDERED this 20th day of December, 1988, at Fort Lauderdale, Broward County, Florida.