# FOLEY v STATE OF FLORIDA
## Case No. 89-7-AC (County Court Case No. 88-5642-T)
Twelfth Judicial Circuit, Manatee County

September 7, 1989

### APPEARANCES OF COUNSEL

**John Lurvey,** for appellant.
**John Maguire,** for appellee.

### OPINION OF THE COURT

PAUL E. LOGAN, Circuit Judge.

This is an appeal of the trial court's order denying Appellant's motion to suppress. Appellant asserts that the trial court erred in holding that the arresting officer's prior knowledge of Appellant's suspended driver's license, standing alone, provided reasonable suspicion to stop Appellant's vehicle and conduct a criminal investigation.

At approximately 7:30 a.m. on December 19, 1988, Appellant was

stopped en route to work by Officer Charles Sexton of the Bradenton Beach Police Department. Two months before the December arrest, Office Sexton had arrested Appellant for trespass after warning. During the criminal investigation leading up to the first arrest, Officer Sexton obtained Appellant's driver's license and discovered it was suspended. Officer Sexton had made no prior or subsequent traffic related stops of Appellant until the second arrest on December 19, 1988.

Office Sexton observed no traffic or equipment violations before stopping Appellant on December 19, 1988. Although the officer knew Appellant and observed him driving a motor vehicle, no current license check was done before Appellant was stopped. Officer Sexton did not know as of what date Appellant's license was suspended, did not know that the license was still suspended, and did not know why the license was suspended before the stop.

After the stop, Officer Sexton determined that Appellant's license was suspended for failure to carry required insurance as required by Florida's financial responsibility law.

The officer's reason to stop a vehicle must be based upon a founded or reasonable suspicion either from circumstances observed by the officer or from events occurring so recently as to lead the officer to believe a crime is or will be committed. *See, Sumlin v State,* 433 So.2d 1303 (Fla. 2d DCA 1983). The officer's knowledge of a defendant's driver's license suspension from a previous arrest, without other evidence, is not enough to give rise to a reasonable suspicion that a crime was or is being committed. *See, Robinson v State,* 388 So.2d 286 (Fla. 1st DCA 1980).

Appellant was driving in the daytime in a lawful manner. Without more, the facts do not sustain a founded suspicion by Officer Sexton. The court erred in denying Appellant's motion to suppress.

REVERSED.