556 So.2d 791 (1990)
Hezekiah H. JAMES, III, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1224.
District Court of Appeal of Florida, First District.
February 9, 1990.
*792 Robert M. Harris, of Harris, Guidi, Rosner, Ceballos & Daze, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and A.E. (Ned) Pooser, IV, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
Appellant, Hezekiah H. James III, was convicted of possession of cocaine, which was seized following a purported Terry stop. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and Section 901.151, Florida Statutes (1989). Appellant challenges the trial court's denial of his motion to suppress evidence secured as a result of the stop. Because we find that the officer who stopped appellant lacked a "founded suspicion" that appellant had committed a crime, which is requisite to a Terry stop, we reverse.
At approximately 12:50 a.m. on December 24, 1988, Officer Brown of the Jacksonville, Florida Sheriff's Office received a BOLO (be-on-the-look-out) report. The BOLO informed Brown that an armed robbery had just occurred at a business establishment located near the intersection of San Jose Boulevard and Orange Picker Road in Jacksonville. The BOLO described the perpetrator as a black male, approximately six feet tall, wearing gray jeans and an orange "Gator" tee-shirt, and carrying a weapon. The BOLO also advised that the individual had last been seen running toward a park situated west of the business establishment.
Brown arrived at the scene of the reported robbery and noticed that another officer had already arrived. He proceeded west from San Jose Boulevard along Orange Picker Road, which fronted the northern perimeter of the park. Brown began to stop and search black males in the area. The first black male he stopped was pushing a bicycle along Orange Picker Road, but he did not match the description given in the BOLO. He, nevertheless, placed that person in his patrol car. Then, some four minutes or so after he had heard the BOLO, Brown noticed appellant's pickup truck pulling onto Orange Picker Road from a dirt road which bisected the park and also provided access to a number of private residences. Because it was dark, Brown was unable to observe anything about appellant, the driver of the truck, except that he was a black male. Although appellant committed no traffic violation, Brown stopped him. The subsequent search produced the evidence upon which appellant's prosecution was founded.
The dispositive issue is whether Officer Brown had a "founded suspicion" that appellant had committed the robbery. We find that he did not. A founded suspicion need not be sufficiently fact based to rise to the level of probable cause for arrest, *793 but it must be sufficient to draw the officer's attention to something more specific than a wide, unparticularized range of potential suspects. Here, the BOLO provided several very specific identifying characteristics which, if matched with someone in the area, would clearly have been sufficient to conduct a Terry stop. However, Officer Brown did not match all, or even several, of those factors before making stops. As to appellant, Brown knew only that appellant was a black male, traveling in a pickup truck, in the general area toward which a black male robbery suspect had traveled, on foot, several minutes earlier. As was recognized in Franklin v. State, 374 So.2d 1151 (Fla. 3rd DCA 1979), cert. denied, 388 So.2d 1113 (Fla. 1980), the color of a person's skin, although an identifying factor, is insufficient by itself to adequately narrow the scope of an officer's identification procedure. Id. at 1154. When viewed in a light most favorable to the prosecution, the factors applied by the officer in the present case provided no more than a bare suspicion that appellant had committed the robbery. Compare, Franklin v. State; Plant v. State, 407 So.2d 966 (Fla. 1st DCA 1981), review denied, 417 So.2d 330 (Fla. 1982); L.T.S. v. State, 391 So.2d 695 (Fla. 1st DCA 1980); and Romanoff v. State, 391 So.2d 783 (Fla. 4th DCA 1980).
Accordingly, we conclude that the trial court erred in denying appellant's motion to suppress. The judgment is reversed and the cause is remanded to the trial court with directions that appellant be discharged.
BOOTH and JOANOS, JJ., concur.