PER CURIAM.
This is an appeal by the respondent A.G. from an adjudication of delinquency for carrying a concealed weapon and an order placing the respondent on community control. The sole issue presented on appeal is whether the trial court erred in denying the respondent’s motion to suppress the weapon which the respondent was charged with carrying in a concealed manner. We affirm based on the following briefly stated analysis.
First, contrary to the state’s contention, the respondent’s person was seized within the meaning of the Fourth Amendment and Article I, Section 12 of the Florida Constitution when officer Anthony Co-lumbo of the Metro-Dade Police told the respondent to stop and thereafter briefly questioned him and his companion during a temporary detention on the platform area of the Metrorail station — which temporary detention continued when Officer Columbo told the respondent and his companion to accompany him a short distance away to another open location, enclosed only by a railing, at the Metrorail station. Terry v. Ohio, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 1879 n. 16, 20 L.Ed.2d 889, 905 n. 16 (1968); Bostick v. State, 554 So.2d 1153, 1155 (Fla.1989).
Second, Officer Columbo had a reasonable suspicion that the respondent was involved in a strong-arm robbery of passengers on the Metrorail, and, accordingly, the temporary detention of the respondent was reasonable within the meaning of the Fourth Amendment and Article I, Section 12 of the Florida Constitution; this being so, Officer Columbo’s seizure of a firearm from the respondent’s front pants pocket was also reasonable within the meaning of the above constitutional provisions. Terry v. Ohio. In particular, we conclude that there was a reasonable suspicion for the temporary detention of the respondent in this case based on the following factors: (1) there had been a recent rash of armed robberies of Metrorail passengers by two black teenagers who were described as tall, thin, black males between the ages of thirteen and eighteen; (2) the respondent was a tall, thin, black teenager in the company of another black teenager who was tall, although chubby; (3) the respondent and his companion had just previously exited a *1010 Metrorail train immediately after a police officer had boarded the train, appeared very nervous, were overheard by the Me-trorail train operator as saying, “Why did this officer have to come on the train at this time," and (4) the respondent and his companion stayed in the Metrorail station without attempting to board one of two trains in the station which were bound in either direction and thereafter attempted to hide behind a large pillar at the station when Officer Columbo approached the two teenagers. See Williams v. State, 454 So.2d 737 (Fla. 2d DCA 1984).
Affirmed.