ALTENBERND, Judge.
Henry Lee Key appeals the denial of his dispositive motion to suppress evidence. Following the denial of his motion, he pleaded nolo contendere to the charges of carrying a concealed firearm, possessing cannabis, and resisting an officer without violence, and reserved the right to appeal. The trial court entered an order withholding adjudication and placing the defendant on probation. We reverse the order because the arresting officer did not have a founded suspicion to justify a Terry stop. § 901.151, Fla.Stat. (1987).
On the evening of February 18, 1989, the Edison Pageant of Light Parade was held in Fort Myers, Florida. Thousands of people participated in the event. A number of police officers were assigned to patrol the parade route. During the evening, an officer announced over the police radio that the police should be on the lookout for a black male bicyclist who had fled from the officer. Officer Chitwood heard this broadcast. If any additional information was provided, Officer Chitwood was unable to hear it because of the noise of the crowd.
About an hour later, Mr. Key peddled his bicycle up to Officer Chitwood and asked how to leave the parade route without disrupting the parade. A highway patrolman who was standing with Officer Chitwood *657 reminded him that the police were looking for a black male on a bicycle. Since Mr. Key is black and was on a bicycle, Officer Chitwood decided to conduct a stop and frisk. During the frisk, the officer discovered a derringer and three marijuana cigarettes. Mr. Key also resisted the officer without violence.
We conclude that the BOLO was too vague under these circumstances to warrant a stop. Strong v. State, 495 So.2d 191 (Fla. 2d DCA 1986), review denied, 503 So.2d 328, cert. denied, 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 837 (1987). The arresting officer had such a general description of the suspect that it could have applied to many people along the lengthy parade route. From the BOLO, the arresting officer only knew that a person had fled from an officer. He did not even know if the person identified in the BOLO was suspected of committing any offense. If anything, a man who voluntarily approaches an officer to ask for help is not likely to be the same person who fled from another officer an hour earlier.
Since the stop was unlawful and since Mr. Key did not resist the officer with violence, the charge of resisting an officer should also be dismissed. Johnson v. State, 395 So.2d 594 (Fla. 2d DCA 1981); In re T.M.M., 560 So.2d 805 (Fla. 4th DCA 1990); Lee v. State, 368 So.2d 395 (Fla. 3d DCA), cert. denied, 378 So.2d 349 (Fla.1979).
Accordingly, we reverse and remand with instructions to discharge Mr. Key on these offenses.
HALL, A.C.J., and PARKER, J., concur.