666 So.2d 1035 (1996)
Nelson Josepheus SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-178.
District Court of Appeal of Florida, First District.
January 26, 1996.
*1036 Nancy A. Daniels, Public Defender, Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Douglas Gurnic, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, Judge.
Appellant, Nelson Sanders, appeals his conviction for the offense of accessory to attempted robbery, challenging the trial court's denial of his motion to suppress evidence. Because we conclude that the detaining law enforcement officer did not have founded suspicion to stop the automobile Sanders occupied, we reverse and remand with directions to discharge appellant.
Deputy Sheriff Thomas Gardinier testified that he received a BOLO report at 10:44 p.m. on February 22, 1994, advising that two black men had robbed a Wendy's restaurant in Destin. The suspects were described as "two black males, black shirt and pants and one had a white t-shirt on." Deputy Gerdinier was directed to set up a perimeter at one of the two routes leading out of Destin, at Highway 98 and the Destin bridge. Within ten minutes from the time he was dispatched to the bridge, located two miles from the scene of the robbery, he observed the car which appellant was driving.[1] He first saw inside it two black males and that the passenger was wearing dark clothing. He then became aware of a third person sitting in the back. Although he did not notice any unusual or furtive behavior by the occupants, he nonetheless followed the car for a short time, then pulled it over, ordered Sanders out of the car, handcuffed him, and put him in the back of his patrol unit.
The record demonstrates that Deputy Gardinier lacked a founded suspicion that the occupants had committed a crime, which is essential in order to stop a vehicle and detain the occupants. Although Gardinier positioned himself at one of two escape routes two miles from the robbery scene and shortly thereafter observed the automobile which appellant drove and noticed that one of the car's occupants wore dark clothing, he gave no further testimony which would reveal why it would be at all unusual for a vehicle containing black males to leave Destin at 10:45 on a Tuesday night. Deputy Gardinier, moreover, testified that he would have stopped any black man crossing the bridge in a vehicle. Cf. Cobb v. State, 642 So.2d 656, 659 (Fla. 1st DCA 1994) ("In finding a proper basis for denying the motions to suppress, we note especially the significance of the particularized rural setting in which these earlymorning events occurred, and Officer Ellis' stated longstanding familiarity with the character of the different locations involved."); State v. Jones, 417 So.2d 788 (Fla. 5th DCA 1982) (the officers knew that only one black family lived in the area and that the occupants were not members of that family, and that blacks are not usually in the community on a weekend night).
The state therefore proved nothing more than that Deputy Gardinier had only a bare suspicion that the car which he stopped contained the suspects. "Although appellant fit the general description of the anonymous tip, that description could have fit many men." Strong v. State, 495 So.2d 191, 192 (Fla. 2d DCA 1986) (no founded suspicion when officer received tip that black male wearing dark *1037 clothing had a handgun at a particular convenience store, and officer patted down one of two black men at the store, who was wearing the darker clothing), review denied, 503 So.2d 328 (Fla.), cert. denied, 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 837 (1987). See also James v. State, 556 So.2d 791, 793 (Fla. 1st DCA 1990) ("the color of a person's skin, although an identifying factor, is insufficient by itself to adequately narrow the scope of an officer's identification"); Ross v. State, 419 So.2d 1170 (Fla. 2d DCA 1982) (no founded suspicion when officer heard BOLO regarding an assault near a bar involving a black male with short, cropped hair, wearing white t-shirt and blue jeans, last seen heading north, and 25 minutes later, officer stopped defendant, who fit the description except that he had plaited hair and was heading south, because the description could have fit many people in the area); Williams v. State, 454 So.2d 737 (Fla. 2d DCA 1984) (no founded suspicion when officer received tip that tall, black male was selling pot in front of a particular bar, and officers observed bulge in pocket of defendant sitting out front).
As the prosecutor agreed that the court's order denying the motion to suppress would be dispositive of the issues involved in this case, appellant's conviction is REVERSED and the cause is REMANDED with directions that appellant be discharged.
MINER and MICKLE, JJ., concur.
NOTES
[1] He had earlier seen a car driven by a white male, which he allowed to proceed unstopped.