SALCINES, Judge.
Adalberto C. Vargas entered a plea and was convicted of carrying a concealed weapon. He appeals the denial of a properly reserved, dispositive motion to suppress the firearm found in his jacket pocket. We hold that the officer had no probable cause to search Vargas. Accordingly, we reverse.
Shortly after a bank robbery, a Hendry County Sheriffs Deputy interviewed an employee who informed him that the robber had worn boots, blue jeans, a denim jacket, and a baseball cap. No other physical description of the armed robber was given and while he left on foot, no one indicated the direction in which the robber had fled.
The deputy proceeded to a shopping area where migrant and field labor workers usually congregated in LaBelle. The deputy stopped his vehicle and approached Vargas, who was wearing clothing similar to that described by the bank employees, except that he was wearing a cowboy hat rather than a baseball cap. Vargas was frisked and several large bulges were felt in his jacket. The deputy could not discern if they were weapons so he reached into Vargas’ pocket and discovered a pistol. Thereafter, Vargas was taken to the bank where the victims/employees stated that he was not the robber.
A motion to suppress involves questions of fact and law. When reviewing the judge’s factual findings, the appellate court must determine whether compe *1207 tent, substantial evidence supports the judge’s ruling. See Butler v. State, 706 So.2d 100, 101 (Fla. 1st DCA 1998). In the present case, the description of the robber was not particularly specific except that the robber was wearing a jacket on a warm day. At the hearing on the motion to suppress, the officer did not unequivocally state that Vargas was the only man in that area wearing a jacket on that date. Indeed, an eyewitness stated that she had observed more than ten men in the area wearing jackets at the time of Vargas’ arrest.
There were no specific and articulable facts which justified the officer’s stop because the description given by the bank employees could have fit many men. Cf. Ross v. State, 419 So.2d 1170 (Fla. 2d DCA 1982) (holding that the general description in a be-on-the-lookout dispatch did not justify the stop of the defendant). Vargas’ clothing was hardly unusual or distinctive in light of the manner in which other field labor workers/bystanders were dressed. In fact, Vargas did not meet the description of the robber because he was wearing a cowboy hat rather than a baseball cap.
We hold that the evidence in the present case was insufficient to support the trial court’s order denying the motion to suppress. This matter is reversed and remanded to the trial court with directions to discharge Vargas from supervision on these charges.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and THREADGILL, J., Concur.