402 So.2d 41 (1981)
The STATE of Florida, Appellant,
v.
Procopio DELGADO and Luis Alberto Gonzalez, Appellees.
No. 80-1967.
District Court of Appeal of Florida, Third District.
August 4, 1981.
*42 Jim Smith, Atty. Gen., and Theda R. James, Asst. Atty. Gen., for appellant.
Fine, Jacobson, Block, Klein, Colan & Simon, Abe Koss, Miami, and Joseph Sorota, Clearwater, for appellees.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
SCHWARTZ, Judge.
On the basis of information from a disinterested eyewitness to an apparent assault or homicide, a South Miami police officer put out a BOLO (be on the lookout report) for the automobile allegedly involved. The BOLO was for a red and white vehicle of the type used in the "Starsky and Hutch" television series, occupied by two white males. Within "a matter of seconds" after first receiving this report, Public Safety Department officer Stephenson saw a vehicle which matched this description perfectly[1] heading north on a through street located about three miles west of the crime scene. After verifying the contents of the BOLO, the officer stopped the car and apprehended the present defendants. On their motions, the trial court suppressed testimony concerning a "show-up" identification and other evidence resulting from the stop on the ground that it was not supported by articulable suspicion. The state appeals. We reverse. As in State v. Gamble, 370 So.2d 428 (Fla. 3d DCA 1979), which involved a similar trial court determination, we hold that the existence of the "reasonable suspicion" required by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and Section 901.151, Florida Statutes (1979) to support a temporary detention of this nature was established as a matter of law.
It is first of all clear  and neither the order under review nor the defendants really dispute the point  that Stephenson could properly base his actions upon the accuracy of the BOLO, the source of which was the presumptively reliable report of a citizen on the scene. Hetland v. State, 387 So.2d 963 (Fla. 1980); Lachs v. State, 366 So.2d 1223 (Fla. 4th DCA 1979); see generally, State v. Webb, 398 So.2d 820 (Fla. 1981), and cases collected; Byrd v. State, 380 So.2d 457 (Fla. 1st DCA 1980).
The trial judge essentially held, however, and the appellees urge here, that there was insufficient reason to believe that the defendants' car was the one the BOLO described. We cannot agree. The circumstances presented to Stephenson clearly gave rise to a reasonable belief that the defendants had in fact been involved in the criminal incident:
1. The vehicle both described and actually seen was a distinctive and unusual one. See United States v. Mallory, 460 F.2d 243 (10th Cir.1972), cert. denied, 409 U.S. 870, 93 S.Ct. 197, 34 L.Ed.2d 120 (1972); People v. Flores, 12 Cal.3d 85, 115 Cal. Rptr. 225, 524 P.2d 353 (1974); see also, Byrd v. State, supra; State v. Gamble, supra.
2. The vehicle was seen within a close and fully consistent proximity of time and place to those of the crime. Franklin v. State, 374 So.2d 1151 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1113 (Fla. 1980), and cases cited.
3. The vehicle was occupied, as the BOLO reported, by two white males. See Franklin v. State, supra.
While any one of these factors might not be sufficient to validate the stop, see L.T.S. v. State, 391 So.2d 695 (Fla. 1st DCA 1980), the co-existence of all of them makes it *43 self-evident that there was a rational basis for the conclusion that those who were riding in the vehicle and those described in the BOLO were two and the same. Stephenson's actions were entirely appropriate as measured by the standards of both good police work and the constitution. As they usually do, the common conception to the contrary notwithstanding, these standards exactly coincide in the present case.
Reversed.
NOTES
[1] The officer testified

Q. Have you had occasion  you said you had occasion to see the Starsky and Hutch program?
A. Correct.
Q. Can you tell me how the Starsky and Hutch vehicle compares with this vehicle?
A. Very, very similar in regard to the red and white location of the paint and along the vehicle, with the white stripe and all.