SANDERLIN, Judge.
Appellant appeals the denial of her motion to suppress evidence and statements. We reverse.
At the hearing on the motion to suppress, the following testimony was presented:
On June 4, 1984, Edward Webb, a Lee County sheriff patrol officer, was dispatched to a North Fort Myers shopping center in reference to an attempted shoplifting. Upon his arrival, Webb was notified by a store clerk that two males had been stopped in their unsuccessful attempt to take concealed meat out of a Winn-Dixie store. The clerk directed Webb’s attention to a vehicle that was pulling out of the shopping center parking lot, in which one of the males had entered. Webb gave chase and stopped the vehicle. He approached the vehicle and asked the driver, identified to be appellant, for her driver’s license. There was also an adult male and two teenagers (male and female) in the car.
Because it was dark and Webb was concerned for his safety, he flashed his light into the car. He saw a gray cloth bag containing four or five small personal fans still in their boxes. He also observed a young boy about 12 years old in the back seat. Between the boy’s legs was a black garbage sack that appeared to be filled with the same type of fans. Because this was an unusual method of packaging and the boy was shaking tremendously, Webb became suspicious that the merchandise was stolen. Webb read the four occupants of the vehicle their Miranda rights and called for backup. Appellant then told Webb the ear belonged to her sister and the items were in there when she got the car.
Out of fear for his safety, Webb put the two females in his ear, and the two males in the backup officer’s car. Webb conducted a search of both the passenger compartment and the trunk of appellant’s vehicle. Inside the car, Webb found the two bags containing 20 to 30 fans, and a third garbage sack containing at least ten sets of underwear, plus a large amount of cologne, *184 all with Gray Drug price tags on them. Inside the trunk, Webb found two more garbage bags full of fans and cologne. At this point, appellant told Webb that the items belonged to the male, that he had them with him when she picked him up.
Appellant and the three passengers were transported back to the shopping center, where the manager of Gray Drug verified that the seized items had been stolen from his store. Appellant was then questioned concerning the theft. After making admissions concerning the property, appellant was arrested and charged with retail grand theft. The trial court denied the motion.
Appellant pleaded nolo contendere to the charge, reserving her right to appeal the denial of her motion to suppress. The trial court sentenced appellant to five years imprisonment. This timely appeal followed.
We first observe that the initial stop and detention of the car which appellant was driving was valid based upon the officer’s reasonable suspicion to believe that appellant had just committed the crime of attempted shoplifting. See G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985); § 901.-151(2), Fla.Stat. (1985).
Further, the officer was justified in shining his flashlight into the interior of the car to determine if the occupants had weapons. See, e.g., State v. Dilyerd, 467 So.2d 301 (Fla.1985). At this point, the officer could have removed the occupants and searched the interior of the car had he possessed a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warranted the officer in believing that the suspects were dangerous and may have gained immediate control of weapons. Dilyerd, 467 So.2d 301 (citing Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968)).
The officer here did not remove the occupants or search the interior for this reason. Instead, he testified that when he flashed his light into the interior he saw two bags containing several boxes of personal fans which he “thought” or “had a very strong feeling that the merchandise was stolen.” This “feeling” or “thought” was based upon the “unusual method of packaging,” i.e., the items were in garbage sacks; the teenager in the back seat was trembling; and appellant told him the items were in the car when she borrowed it from her sister.
This situation involves a “pre-intrusion,” as discussed in Ensor v. State, 403 So.2d 349 (Fla.1981):
Here, the officer is located outside of a constitutionally protected area and is looking inside that area. If the officer observes contraband in this situation, it only furnishes him probable cause to seize the item. He must either obtain a warrant or have some exception to the warrant requirement before he may enter the protected area and seize the contraband.
Id. at 352. In Ensor, police officers had stopped a vehicle for a traffic violation. While the passengers were being questioned outside the vehicle, two other officers looked into the vehicle with their flashlights. One officer spotted a portion of a white object protruding from under a floor mat. From squatting and looking into the already opened passenger door, the officer determined the object to be a pistol. The officer then entered the vehicle and retrieved the weapon. The supreme court determined that upon seeing the firearm in “open view,” the officer had probable cause to believe that the felony of possessing a concealed firearm was being committed in his presence. The court further held that the officer was legally justified in seizing the firearm without a warrant under the “automobile exception” to the warrant requirement, the basis for the warrantless entry being the exigency of the “movable” vehicle. Id. at 352.
In Ensor, the officers had probable cause to believe a crime was being committed because the incriminating nature of the item (the firearm) was readily apparent. In the present case, the officer did not have probable cause to believe a crime was being committed because the incriminating *185 nature of the items (the fans in the bags) was not readily apparent. See, e.g., Kelly v. State, 407 So.2d 1011 (Fla. 5th DCA 1981) (officers did not have probable cause to believe that offense of possession of controlled substance was being committed in their presence when at the time of seizure, deputy saw only an amber-colored prescription bottle, but did not see any substance inside the bottle which would warrant belief that controlled substance was involved); In the Interest of G.A.R., III, 387 So.2d 404 (Fla. 4th DCA 1980) (although facts supported “founded suspicion” for investigatory detention, facts did not support “probable cause” for seizure of circular saw which was later determined to be stolen); Carr v. State, 353 So.2d 958 (Fla. 2d DCA 1978) (officer did not have probable cause to seize two cigarettes, later determined to be marijuana, spotted in “plain” view of defendant’s car where officer did not know at time of seizure that cigarettes contained marijuana). As in G.A.R., the officer here had a founded suspicion that would have supported detaining appellant while he checked with nearby shop owners to see if they had had any thefts. See G.A.R., 387 So.2d at 409. Absent this, the officer did not have probable cause to seize the items.
Further, the officer did not have probable cause to search the car regarding the attempted shoplifting by the passenger. The officer testified that the store clerk told him that the shopping cart of meat which the passenger had attempted to shoplift was left at the store. The officer did not have probable cause to believe that any items from that attempt would be found in the car.
The state’s reliance on State v. Amato, 408 So.2d 775 (Fla. 2d DCA 1982), is misplaced. In Amato, this court only addressed the issue whether the length of the detention was unreasonable. The appellant in that case did not raise the legality of the seizure of the cigarettes in the back seat of his car. See Amato, 408 So.2d at 777. None of the other cases relied upon by the state are factually similar to the present case.
Additionally, the search of the trunk and seizure of items found therein were invalid. See Miller v. State, 403 So.2d 1307 (Fla.1981); McClendon v. State, 476 So.2d 1303 (Fla. 2d DCA 1985).
Because the seizure of the items in the back seat of the car, the search of the trunk, and seizure of the items found therein were invalid, appellant’s admissions and confession obtained thereafter were also invalid. See Carr. See also Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Therefore, the trial court erred in denying appellant’s motion to suppress. Accordingly, we reverse appellant’s judgment and sentence, and remand to the trial court with directions that appellant be discharged. Because of our disposition, we need not address appellant’s remaining points relating to her sentence.
RYDER, A.C.J., and CAMPBELL, J., concur.