603 So.2d 61 (1992)
STATE of Florida, Appellant,
v.
Gerald Brian WISE, Appellee.
No. 91-02604.
District Court of Appeal of Florida, Second District.
July 24, 1992.
*62 Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and David A. Snyder, Asst. Public Defender, Bartow, for appellee.
ALTENBERND, Judge.
The state appeals an order granting a motion to suppress evidence obtained during a stop of Mr. Wise's pickup truck. We reverse. Because the officer had a well-founded suspicion of criminal activity concerning the occupants of the vehicle, he had authority to stop the vehicle. State v. Perera, 412 So.2d 867 (Fla. 2d DCA), review denied, 419 So.2d 1199 (Fla. 1982).
In February 1991, Deputy Hickman experienced problems at his own home with trespassers who were attempting to steal his Rottweiler dogs. At approximately 7:45 a.m., on February 22, 1991, Mrs. Hickman called her husband at work and told him that a pickup truck which she had seen at the house earlier was back and in their yard. The weather was foggy, and an occupant of the truck was shining a spotlight around the yard.
Another deputy was assigned to handle the complaint. He received updated information that the suspect was in a light blue pickup with dog cages in the back, and the truck was heading east on Highway 60 from Hobbs Lane Road. Within minutes, the deputy stopped the defendant, who was driving east on Highway 60 in a blue pickup with dog cages. The truck was located at a point on Highway 60 that would be consistent with a truck leaving the Hickman residence. The defendant argues that the pickup was dark blue rather than light blue.
When the deputy stopped the truck, he discovered a concealed firearm, marijuana, and drug paraphernalia. Thereafter, Mrs. Hickman arrived at the scene, and she decided that the defendant was not the man who had been at her home a few minutes earlier. As a result, the defendant was arrested only for the offenses stemming from the search. The defendant's motion in the trial court did not challenge the *63 lawfulness of the search which located this evidence, but only the lawfulness of the stop.
In reaching a well-founded suspicion to stop a vehicle pursuant to a BOLO, a police officer should consider several factors, including: 1) the length of time since the offense, 2) the distance from the offense, 3) the route of flight, 4) the specificity of the description of the vehicle and its occupants, and 5) the source of the BOLO information. Sumlin v. State, 433 So.2d 1303 (Fla. 2d DCA 1983). In this case, the source of the information was very well known. The length, distance, and route were all reasonably consistent with the offense. The specificity of the description, a blue pickup truck with dog cages, is certainly adequate to justify a stop. Thus, we conclude that the deputy had the authority to stop the defendant on the basis of the BOLO.
The defendant argues that the BOLO should not have been issued because Mrs. Hickman had not observed conduct which was sufficiently serious to warrant a BOLO. Mrs. Hickman never claimed to have witnessed a felony. She reported only that a vehicle was inside a gate on her property under suspicious circumstances. Especially in light of the earlier problems, she had reason to believe that the occupants of the truck were at least attempting to steal the dogs, whose value would have rendered that offense a first-degree misdemeanor in violation of state law.
We recognize that a deputy sheriff does not generally have authority to arrest a person for a misdemeanor that occurs outside the deputy's presence. See § 901.15, Fla. Stat. (1991). An officer, however, has broader authority to temporarily detain a person in order to investigate a reported misdemeanor and to determine whether a notice to appear should be issued. See Fla.R.Crim.P. 3.124. Pursuant to section 901.151(2), Florida Statutes (1991), an officer may temporarily detain a person "under circumstances which reasonably indicate that such person has committed ... a violation of the criminal laws of this state or the criminal ordinances of any municipality or county." Since violations of county ordinances are typically misdemeanors, it is clear that section 901.151 is intended to permit temporary stops to investigate reported misdemeanors as well as felonies. See § 125.69(1), Fla. Stat. (1991). Thus, the deputy was statutorily authorized to make this stop to ascertain the identity of the driver and the "circumstances of his presence abroad." § 901.151(1), Fla. Stat. (1991).
We do not rule out the possibility that the language of section 901.151 might seem to permit a stop for some minor offense when that stop would offend article I, section 12, of the Florida Constitution and the fourth amendment of the United States Constitution. See State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979) approved, 387 So.2d 963 (Fla. 1980) (section 901.151 is not intended and does not impose a standard different from that under the fourth amendment). See generally 3 Wayne R. LaFave Search and Seizure §§ 9.2(c), 9.3(b) (2d ed. 1987). We conclude, however, that the stop in this case was permissible, both statutorily and constitutionally. See, e.g., McCant v. State, 501 So.2d 182 (Fla. 2d DCA 1987) (initial stop and detention of automobile permissible when driver suspected of attempted shoplifting); A.E.R. v. State, 464 So.2d 152 (Fla. 2d DCA), review denied, 472 So.2d 1180 (Fla.), cert. denied, 474 U.S. 1011, 106 S.Ct. 541, 88 L.Ed.2d 471 (1985) (temporary detention of juvenile permissible where juvenile suspected of trespass). Accordingly, we reverse the granting of the motion to suppress on the basis of the propriety of the stop.
Because the motion to suppress did not challenge the propriety of the search, as compared to the stop, this opinion does not preclude the defendant from challenging the reasonableness of the search on remand.
Reversed and remanded.
DANAHY, A.C.J., and PARKER, J., concur.