680 So.2d 1092 (1996)
The STATE of Florida, Appellant,
v.
Juan REYES and Miguel Soto, Appellees.
No. 96-750.
District Court of Appeal of Florida, Third District.
October 9, 1996.
Robert A. Butterworth, Attorney General and Roberta G. Mandel and Sandra Jaggard, Assistant Attorneys General, for appellant.
Bennett H. Brummer, Public Defender and Manuel Alvarez, Assistant Public Defender; Rebecca Nachlas, for appellees.
Before SCHWARTZ, C.J., and COPE and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
A citizen reported to a Homestead police officer that, shortly before, three males had driven by him in a dark sedan, leaned out the windows, yelled, brandished baseball bats and a gun at him, and then headed north. The officer put out a BOLO with this information. Almost immediately afterward, another Homestead officer reported that, in response, she had stopped a similar group of men in a similar vehicle three or four blocks north of the scene of the incident. In the ensuing examination of the vehicle, the propriety of which is not disputed, the officers discovered an allegedly concealed firearm. In the order now under review, the trial judge suppressed the gun on the sole ground that the initial stop was not based on a "founded suspicion" of wrongdoing and was therefore unjustified. We disagree.
In the light of (a) the source and presumed reliability of the information provided by the victim and contained in the BOLO, Lachs v. State, 366 So.2d 1223 (Fla. 4th DCA 1979), and the consistency of the circumstances of the stop with (b) the description of the car and its occupants and (c) the time and place of the offense, it is clear that there was a "rational basis for the conclusion that those who were riding in the vehicle and those described in the BOLO were [three] and the same." State v. Delgado, 402 So.2d 41, 43 (Fla. 3d DCA 1981). In our view, therefore, the officers acted upon the "reasonable" or "founded suspicion" constitutionally required to support the investigatory stop involved here. Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889, 911 (1968); Hunter v. State, 660 So.2d 244 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 946, 133 *1093 L.Ed.2d 871 (1996); Franklin v. State, 374 So.2d 1151 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1113 (Fla.1980); Lachs, 366 So.2d at 1223; see Hetland v. State, 387 So.2d 963 (Fla.1980). Therefore, the order of suppression is
Reversed.