682 So.2d 669 (1996)
Carl PIERRE-LOUIS, a/k/a Carl Pierre-Lewis, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3657.
District Court of Appeal of Florida, Fourth District.
November 6, 1996.
*670 Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Judge.
Finding no abuse of discretion in the trial court's denial of a motion to suppress evidence and Appellant's confession, we affirm his conviction and sentence on multiple counts of armed burglary of a dwelling, armed kidnapping, and robbery with a firearm.
The evidence reflects that Officer Cabrera was in the immediate area of the burglary, at 4:25 a.m., when he heard a radio dispatch concerning the crime. The "BOLO" advised that "there were several black males, possible black females, in an unknown vehicle." The crime scene was in the 700 block of Northeast 13th Court and the officer was traveling in the 400 block of Northeast 13th Street. A minute or less after receiving the dispatch, the officer saw a vehicle turn off 7th Avenue onto 13th Street, which the officer knew to be the first intersection for a vehicle traveling west from the scene. There was no other traffic. As the car passed, the officer noticed that the occupants looked nervously at the police vehicle. The officer turned and followed. The occupants continuously turned in their seats to observe him as the car made several turns and then abruptly pulled into a 7-11 parking lot from the side driveway after passing two other entrances.
The officer had not flashed any lights or otherwise indicated that the driver should stop. When the driver left the car and headed toward the store, the officer, alone except for his K-9 partner, concerned that the driver might take a hostage or flee, and noting that he had bulging pockets, directed him to sit down and told the others to stay in the car.
Backup arrived immediately, and all of the suspects were "patted down" for weapons. When asked for identification, the driver produced two wallets, one of which contained identification belonging to one of the victims. A subsequent search incident to arrest uncovered other evidence, and Appellant, one of the passengers in the vehicle, gave the police an incriminating statement.
Viewing the evidence, and drawing all reasonable inferences most favorably to the state, we find no error or abuse of discretion. E.g., McNamara v. State, 357 So.2d 410 (Fla. 1978).
There is no bright line test applicable here. In determining the reasonableness of the temporary detention, the trial court could properly consider the totality of the circumstances, including the content of the BOLO, the time and distance relative to the time and place of the offense, the range and route of *671 possible flight, the time of day, the description of the suspects, the absence of other persons or vehicles in the vicinity of the sighting, any other suspicious conduct, and any other activity consistent with guilt. See State v. Kehoe, 498 So.2d 560, 562-63 (Fla. 4th DCA 1986), approved, 521 So.2d 1094 (Fla.1988); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978).
Here, although the suspects and their vehicle were not well-described by the BOLO, the totality of the circumstancesespecially the location of the vehicle on the likeliest escape route shortly after the occurrence of the crime, at a time when there was no other trafficsupports the court's conclusion that Cabrera had the requisite reasonable and founded suspicion to justify the stop and temporary investigative detention. See Gibson v. State, 486 So.2d 696 (Fla. 4th DCA 1986); State v. Setzler, 667 So.2d 343 (Fla. 1st DCA 1995); Cobb v. State, 642 So.2d 656 (Fla. 1st DCA 1994). See generally Kehoe; Stevens; State v. Hunter, 615 So.2d 727 (Fla. 5th DCA), rev. denied, 626 So.2d 203 (Fla. 1993), rev. denied, 626 So.2d 205 (Fla.1993); Hetland v. State, 387 So.2d 963 (Fla.1980); State v. Wise, 603 So.2d 61 (Fla. 2d DCA 1992); Bussey v. State, 528 So.2d 955 (Fla. 3d DCA 1988); Franklin v. State, 374 So.2d 1151 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1113 (Fla.1980). See also U.S. v. Saffeels, 982 F.2d 1199 (8th Cir.1992), vacated on other grounds by 510 U.S. 801, 114 S.Ct. 41, 126 L.Ed.2d 12 (1993); U.S. v. Moore, 817 F.2d 1105 (4th Cir.), cert. denied, 484 U.S. 965, 108 S.Ct. 456, 98 L.Ed.2d 396 (1987); U.S. v. Bautista, 684 F.2d 1286 (9th Cir. 1982), cert. denied, 459 U.S. 1211, 103 S.Ct. 1206, 75 L.Ed.2d 446 (1983), and cert. denied, 459 U.S. 1211, 103 S.Ct. 1206, 75 L.Ed.2d 447 (1983); § 901.151(2), Fla.Stat. (1993). We have considered Moore v. State, 584 So.2d 1122 (Fla. 4th DCA 1991). However, here the officer was acting on information and observations that went beyond a mere hunch or guesswork.
We see no merit in Appellant's other issue on appeal. The trial court did not err in denying a hearing, requested on the first day of trial, on a motion to suppress identification which Appellant had withdrawn prior to trial. Therefore, we affirm.
KLEIN and PARIENTE, JJ., concur.