692 So.2d 270 (1997)
STATE of Florida, Appellant,
v.
Mary VANCE and Carl Woods, Appellees.
Nos. 96-2630, 96-2631.
District Court of Appeal of Florida, Fifth District.
April 25, 1997.
*271 Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellees.
PETERSON, Chief Judge.
At 8:30 on a Sunday morning, Deputy Carlos Joseph's radio in his patrol vehicle blared out a BOLO: be on the lookout for three individuals in a black Datsun pickup truck wanted for suspicion of shoplifting. The BOLO further informed the deputy that two of the individuals were black males, one was a black female, and that the trio was heading west toward the vicinity of State Road 436. The description was further narrowed by a partial tag number for the Datsun. Five minutes after receiving the information, Deputy Joseph spotted a vehicle with occupants matching the description, followed it, and confirmed that the partial tag number given to him matched those on the Datsun. After stopping the vehicle, the deputy observed a large number of cigarette packs and cartons in the truck's cab and because the BOLO also informed him that cigarettes were among the items stolen, he arrested the two appellants, Mary Vance and Carl Woods, and the third occupant.
Asserting that the information supplied to Deputy Joseph prior to the stop was inadequate to justify a detention, the appellants filed a motion to suppress. The trial court granted the motion and we reverse.
In Hunter v. State, 660 So.2d 244, 249 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 946, 133 L.Ed.2d 871 (1996), the supreme court noted:
Several factors are relevant in assessing the legitimacy of a vehicle stop pursuant to a BOLO: (1) the length of time and distance from the offense; (2) the route of flight; (3) specificity of the description of the vehicle and its occupants; and (4) the source of the BOLO information.
The appellees in the instant case argue that the trial court correctly found the stop was not valid because the description of the vehicle and occupants was vague, and no testimony was given regarding how long after the crime occurred that the crime was reported or how long after it was reported that the BOLO was broadcast. It is true that the testimony in the instant case fails to establish how much time elapsed between the occurrence of the crime and the broadcasting of the BOLO. It is also quite clear, however, that the BOLO was being issued because someone had just reported a shoplifting incident. The deputy was within five minutes of the location of the reported crime and five minutes after receiving the BOLO, observed a vehicle with partial tag numbers and occupants matching the BOLO. The vehicle was heading west and as was also reported in the BOLO, it was a black Datsun pickup truck containing two black males and one black female. Additionally, the vehicle was spotted near its expected location a short time after the issuance of the BOLO report. The trial court should have denied the motion to suppress because the deputy, based on the report of the shoplifting and his sighting of the vehicle described in the report, had a founded or reasonable suspicion that its occupants had recently committed a crime. Hunter; Pierre-Louis v. State, 682 So.2d 669 (Fla. 4th DCA 1996) (stop upheld where BOLO described suspects as several black males, possibly black females in vehicle, and officer in immediate area of crime at 4:30 a.m. saw such a vehicle within a minute, followed it, and observed occupants look nervously back at him); State v. Reyes, 680 So.2d 1092 (Fla. 3d DCA 1996) ("there was a `rationale basis for the conclusion that those who were riding *272 in the vehicle and those described in the BOLO were [three] and the same'"); State v. Setzler, 667 So.2d 343 (Fla. 1st DCA 1995) ("the BOLO coupled with the mode, time, and direction of appellee's travel gave the officer a reasonable indication that appellees were the robbers he had been told to be on the lookout for").
The trial court's order of suppression is reversed and the cause remanded for further proceedings.
ORDER REVERSED; REMANDED.
DAUKSCH and GOSHORN, JJ., concur.