717 So.2d 1096 (1998)
Robert BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2484.
District Court of Appeal of Florida, Fifth District.
September 18, 1998.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Simone P. Firley, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Bailey appeals from his judgment and sentences for carrying a concealed firearm and resisting arrest with violence.[1] The issue on appeal is whether the trial court erred in denying Bailey's motion to suppress evidence of the weapons found concealed on his person after he was stopped, chased, ultimately subdued by police officers and searched. We affirm.
On October 25, 1996, two officers were fired upon during a traffic stop in Cocoa. The suspects, four black males, ran from the vehicle. Sergeant Matthias, Deputy McCarty and Deputy Stouch from the Brevard County Sheriff's Office were setting up a mobile perimeter when they noticed a group of four black males. Sergeant Matthias remained in the vehicle and sent the two deputies to check with these men to see if they had seen anything. As the deputies approached, Bailey separated himself from the other three men. While the deputies were talking to the three men, Bailey put his left hand in his jacket pocket, put his right hand in his pants pocket and continued working his way around behind the two deputies.
Sergeant Matthias obtained a description of one of the suspects over the radio as 5'7", heavy build, wearing a gray jacket. Bailey was 5'8", 180 pounds and was wearing a gray *1097 colored, denim jacket. As Sergeant Matthias yelled to Deputy McCarty, "[t]he man with the hand in his jacket, he fits the description," Bailey broke away and ran behind the buildings. Bailey was ultimately subdued by the officers and searched. Officers found a loaded .38 caliber, semi-automatic weapon in Bailey's left pocket and a loaded .32 caliber handgun in his right pants pocket. Bailey's motion to suppress this evidence was denied.
Bailey argues that the officers lacked a reasonable suspicion for an investigatory stop because the officers only had a vague description that could apply to many people The record shows the deputies were involved in a citizen/police encounter when they initially approached and spoke with the four men. However, this encounter clearly escalated to a stop when Sergeant Matthias told the deputies to grab Bailey as he fit the description of one of the suspects. The totality of the circumstances appear sufficient to support this detention of Bailey: the group of men were only two to three blocks away from the shooting incident, they were in the direction where the suspects were seen running, they were encountered within an hour or so of the shooting, and the BOLO came from law enforcement officers. The description of a suspect as 5'9", heavy build and wearing a gray jacket fit Bailey who was 5'8", 180 pounds and wearing a gray denim jacket.
A law enforcement officer may stop and temporarily detain an individual if the officer has a founded or reasonable suspicion that the person has committed, or is about to commit a crime. Hunter v. State, 660 So.2d 244 (Fla.1995), cert. denied, 516 U.S. 1128, 116 S.Ct. 946, 133 L.Ed.2d 871 (1996); State v. Hunter, 615 So.2d 727 (Fla. 5th DCA), rev. denied, 626 So.2d 205 (Fla.1993). A founded or reasonable suspicion is a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge. Factors which reasonably suggest a suspect's possible commission of a crime involve a consideration of the time, day of the week, location, physical appearance, behavior, appearance, operation of a motor vehicle, any incongruity and the reliability of the BOLO. Hunter, 615 So.2d at 731. See also State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). In Hunter, the Florida Supreme Court noted that factors relevant in assessing the legitimacy of a vehicle stop pursuant to a BOLO included 1) the length of time and distance from the offense; 2) route of flight; 3) specificity of the description of the vehicle and its occupants; and 4) the source of the BOLO information. 660 So.2d at 248.
Under these circumstances, the trial court was correct in denying Bailey's motion to suppress. See State v. Vance, 692 So.2d 270 (Fla. 5th DCA 1997) (officer had reasonable suspicion to stop vehicle based on a BOLO radio alert which described the vehicle and its occupants and the officer spotted the vehicle near its expected location a short time after the BOLO was issued); Freeman v. State, 450 So.2d 301 (Fla. 5th DCA 1984) (stop of the defendant was reasonable where the defendant matched the description of fugitives observed in the area, defendant was acting suspiciously and ran when approached by the officers); State v. Jones, 417 So.2d 788 (Fla. 5th DCA 1982) (stop of defendant's vehicle two to three miles away from scene of robbery about two to three minutes after officers had received a general description of the robbers was proper).
AFFIRMED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] §§ 790.01(2), 843.01, Fla. Stat.