804 So.2d 1276 (2002)
STATE of Florida, Appellant,
v.
Eric James GOEBEL, Appellee.
No. 5D01-2158.
District Court of Appeal of Florida, Fifth District.
January 25, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellant.
No Appearance, for Appellee.
COBB, J.
This is an appeal from an interlocutory order granting a motion to suppress evidence seized pursuant to the stop of Goebel's vehicle. We reverse.
The facts as found by the trial court are not in dispute:
At approximately 2:30 in the morning, of March 17th, 2001, the Sprint store (a gasoline and convenience store), on Anastasia Boulevard, was robbed. Based upon the 911 call, a be on the lookout (BOLO) was issued for a white male, tall, with a thin build, blond hair, blue eyes, wearing a dark colored shirt, and blue jean shorts. No direction of *1277 travel was given, nor was any description of an automobile given. At that time, Deputy Tony Matuse was traveling northbound on A1A, from Ocean Trace Road in St. Augustine Beach. When Deputy Matuse crossed SR-312, he observed a vehicle coming southbound on Anastasia Boulevard, also known as A1A and SR 3. He shined his flashlight into the vehicle and saw that it was occupied by a white male, wearing a white baseball cap and a dark shirt. Deputy Matuse observed the male to lean back into the seat as if concealing himself. Deputy Matuse then turned to follow the vehicle and stopped the vehicle after it turned onto SR-312. Upon approaching the vehicle, he observed that the individual in the vehicle was wearing a pair of blue jean shorts; then he called for back up. The witnesses from the robbery were called and identified the defendant, Eric Goebel, as being the robber.
The question is whether, given the foregoing facts, the police officer had a reasonable suspicion that justified the stop of Goebel's vehicle for the purpose of investigating possible criminal behavior. See J.L. v. State, 727 So.2d 204 (Fla.1998), affirmed, 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000); State v. Hunter, 615 So.2d 727 (Fla. 5th DCA), rev. denied, 626 So.2d 205 (Fla.1993).
In Hunter v. State, 660 So.2d 244 (Fla.1995), cert. denied, 516 U.S. 1128, 116 S.Ct. 946, 133 L.Ed.2d 871 (1996), the Florida Supreme Court noted that factors relevant in assessing the legitimacy of a vehicle stop pursuant to a BOLO included: (1) the length of time and distance from the offense; (2) route of flight; (3) specificity of the description of the vehicle and its occupants; and (4) the source of the BOLO information. Hunter at 248.
The state contends that all of these enumerated factors militate against the ruling of the trial court. The state's brief argues:
The length of time and distance from the offense were both short. Less than ten minutes after the robbery, and within minutes of hearing the BOLO, the deputy saw Appellee's vehicle a short distance from the robbery scene. (R. 15, 35) The vehicle was heading away from the robbery scene. The description of the robber was very specific in physical and clothing details, and Appellee matched the description. The source of the BOLO information was the victims of the robbery, a store clerk and her teenage daughter, who had an ample opportunity to view and describe the robbery. Additional factors which support the reasonable suspicion are the fact that the crime occurred at 2:30 a.m. Appellee's vehicle was the only car on the road. His behavior also added to the reasonable suspicion; he leaned back in his seat in an effort to conceal himself, and he acted scared and surprised.
Under the factual circumstances as found in this case, we agree with the state that the motion to suppress should have been denied. See Bailey v. State, 717 So.2d 1096 (Fla. 5th DCA 1998); State v. Vance, 692 So.2d 270 (Fla. 5th DCA 1997); Freeman v. State, 450 So.2d 301 (Fla. 5th DCA 1984); State v. Jones, 417 So.2d 788 (Fla. 5th DCA 1982). In this case the deputy saw Goebel within minutes of the robbery, driving away from the scene late at night in the only car in the area. Additionally, he appeared to "lean back as if concealing himself."
REVERSED.
HARRIS and ORFINGER, R.B., JJ., concur.