923 So.2d 584 (2006)
STATE of Florida, Appellant,
v.
William Ray LOPEZ, Appellee.
No. 5D05-1548.
District Court of Appeal of Florida, Fifth District.
March 24, 2006.
*585 Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Robert E. Wildridge, Assistant Public Defender, Daytona Beach, for Appellee.
THOMPSON, J.
The State appeals an order that granted William Ray Lopez's motion to suppress, arguing that the officer had reasonable suspicion justifying an investigatory stop of the vehicle that Lopez was driving. We agree and reverse.

FACTS
In 2004, Lopez was adjudicated guilty of felony driving while license revoked (habitual offender) and giving a false name or identification. He was sentenced to two years' community control, followed by one year of probation.
In February 2005, the State filed an affidavit of violation of community control, alleging that Lopez violated two conditions of probation by driving while his license was revoked, and was arrested on 2 February 2005. Lopez moved to suppress all evidence from the stop, which he alleged was illegal because the officer did not have *586 probable cause to believe that Lopez violated the law while driving.
Casselberry Police Lt. Gordon Pleasants, the officer who arrested Lopez, testified that, on 31 January 2005, he received an e-mail from a deputy chief about information provided by Lopez's community control officer, Susan Knowles. The e-mail said that Lopez was on community control for habitual driving on a suspended license. Pleasants confirmed that day that Lopez's license was suspended. On 1 February 2005, Pleasants pulled up Lopez's photograph for identification. Pleasants contacted Knowles, confirmed that Lopez was on community control, and learned Lopez was a painter. He drove by Lopez's residence on 1 February 2005 and saw a gray jeep with a work ladder on top, registered to Susan Bowden at that address, parked in front. The next day, Pleasants parked near the residence at seven in the morning to see if Lopez would drive. Knowles had told him that Lopez was scheduled to work that day. Pleasants did not see anyone get into the jeep, but at 7:20 a.m., it backed out, drove around the condo complex, and stopped at an intersection with its left turn signal on. Pleasants watched the jeep from his position directly opposite, but the jeep's headlights prevented him from seeing the driver. For about two minutes, the jeep did not turn left despite several opportunities to turn. Pleasants drove slowly by the vehicle and saw that a man was driving, but could not make a positive identification. The driver saw him and, when Pleasants started to turn around, abruptly turned right. Pleasants followed, and the jeep turned at the next street and accelerated back toward the condo complex. He pulled the jeep over and discovered Lopez was driving.
The court granted the motion to suppress, stating:
Based upon the circumstances ..., it cannot be said that Lieutenant Pleasants had even a reasonable suspicion that the Defendant was driving the Jeep. The Jeep was registered to a female by the name of Susan Bowman [sic]. Pleasants did not see who was driving the vehicle. The Defendant did not violate any traffic laws. Therefore, the stop was based upon nothing more than a hunch that the Defendant was driving the Jeep in violation of the law, and consequently, all evidence obtained during the stop should be suppressed.
The State timely appealed.

STANDARD OF REVIEW
We presume that the trial court's ruling on a motion to suppress is correct, and interpret evidence and reasonable inferences in the manner most favorable to sustaining its ruling. McMaster v. State, 780 So.2d 1026, 1028 (Fla. 5th DCA 2001); State v. Gandy, 766 So.2d 1234, 1235 (Fla. 1st DCA 2000) (citing Johnson v. State, 608 So.2d 4, 9 (Fla.1992)). Competent, substantial evidence supports the court's findings of fact. See Gandy, 766 So.2d at 1235. However, we review the trial court's rulings on mixed questions of law and fact and its application of law de novo. McMaster, 780 So.2d at 1028; State v. Marrero, 890 So.2d 1278, 1281 (Fla. 2d DCA 2005).

ANALYSIS
To justify an investigatory stop, the officer must have a reasonable suspicion that the person detained committed, is committing, or is about to commit a crime. McMaster, 780 So.2d at 1028; Marrero, 890 So.2d at 1281; Solino v. State, 763 So.2d 1249, 1250 (Fla. 4th DCA 2000). The officer must possess a well-founded and articulable suspicion of criminal activity, rather than an inchoate and unparticularized *587 suspicion or hunch. McMaster, 780 So.2d at 1028; State v. Ramos, 755 So.2d 836, 838 (Fla. 5th DCA 2000) (holding an officer may stop a person for the purpose of investigating possible criminal behavior, even without probable cause to justify an arrest, as long as the officer has reasonable suspicion that the person is engaging or has engaged in criminal activity); Marrero, 890 So.2d at 1282. The reasonable suspicion requires "some factual foundation in the circumstances observed by the officer, when the circumstances are interpreted in the light of the officer's knowledge." McMaster, 780 So.2d at 1029 (quoting Bailey v. State, 717 So.2d 1096, 1097 (Fla. 5th DCA 1998)); Gandy, 766 So.2d at 1236. The court determines the stop's legitimacy by considering the totality of the circumstances surrounding the stop. McMaster, 780 So.2d at 1029; Gandy, 766 So.2d at 1236. An officer's reasonable suspicion justifies an investigatory stop even if there is no probable cause to justify an arrest. Ramos, 755 So.2d at 838.
The court ruled that Pleasants did not have a reasonable suspicion that Lopez was driving the jeep. The trial court stated several reasons to support its conclusion: (1) the jeep was registered to a woman; (2) Pleasants did not see who was driving the vehicle; and (3) Lopez did not violate any traffic laws. We accept the facts determined by the court; however, we conclude that the trial court did not consider the totality of the circumstances in light of Pleasants' knowledge.
We consider several facts that Pleasants knew before he surveilled Lopez's home. Probation Officer Susan Knowles called the police department, stating that she thought Lopez was driving in violation of his community control restrictions. She spoke with Pleasants and told him Lopez was on community control for driving on a suspended or revoked license as a habitual offender. She gave him Lopez's address and told him that Lopez was a painter scheduled to leave for work early each day except Sunday. Pleasants checked computer records and learned that Lopez's license was still suspended. He also obtained a photograph of Lopez. Pleasants made additional observations before stopping Lopez. He drove by the house and observed a gray jeep with a work ladder parked in front of the house. The jeep was registered to a woman who lived at Lopez's address. During his surveillance, Pleasants observed the jeep leave the house and stop at an intersection with its left signal on. Pleasants could not identify the driver, but observed that the jeep did not turn left as signaled despite several opportunities while Pleasants was parked directly across from it. After Pleasants determined that a man was driving the jeep and began to turn around, the jeep abruptly turned right, went down the next street, and accelerated back toward Lopez's home before it was stopped.
Reviewing this case in a light most favorable to uphold the trial court's ruling, Pleasants' decision cannot be characterized as a mere hunch. The totality of the facts and circumstances combined to provide Pleasants with a reasonable suspicion that Lopez was driving the jeep and, in so doing, committing a crime. See Gandy, 766 So.2d at 1236 (reversing trial court's order granting motion to suppress). The test is not whether Pleasants had probable cause to stop the vehicle. Rather, it is whether he had enough objective data to form a well-founded, articulable suspicion that Lopez was driving the jeep. See McMaster, 780 So.2d at 1028. In this case, the factors considered together provided a well-founded articulable suspicion that justified the investigative stop. The stop was not the product of Pleasants' *588 whim, caprice, or desire to harass all drivers leaving Lopez's house. It was based upon information from Lopez's probation officer and from Lt. Pleasants' personal observations. See State v. Carrs, 568 So.2d 120, 121 (Fla. 5th DCA 1990) (stating that because an officer knew that the driver of an automobile had recently driven on an expired license, he had founded or reasonable suspicion to stop the vehicle).
REVERSED and REMANDED for further proceedings.
GRIFFIN and MONACO, JJ., concur.