COHEN, J.,
dissenting.
I would reverse the trial court’s order denying Appellant’s dispositive motion to suppress because the deputies lacked a well-founded suspicion of criminal activity to justify the stop.
The difficulty with this case stems from the trial court’s failure to make a finding as to whose testimony it found believable. What we are left with are the findings made in the written order denying the motion to dismiss, which reflect that while Courtney Wilson might have seen Donald Evans at the home earlier in the day, he did not see him at the home while he conducted surveillance. Wilson merely observed a small red sedan stop at the home where Evans was believed to be staying. There was no evidence Evans was in the sedan as it approached the home, and although he observed people congregate around the sedan, Wilson “could not tell if anyone got in the vehicle but did see the vehicle leave the residence at a high rate of speed.” Based upon this scant amount of information, Wilson communicated with waiting deputies to stop the sedan.
Rather than address the conflicting testimony of Deputy Collins and Wilson, the trial court relied upon the fact that law enforcement had received an anonymous tip that placed Evans in the area, he had recently eluded the deputies, had outstanding arrest warrants, and a car was seen leaving the house at a high rate of speed.[1] The majority believes this sufficient to justify the stop of the vehicle. I disagree.
The trial court relied upon State v. Lopez, 923 So.2d 584 (Fla. 5th DCA 2006), to justify the stop of the vehicle. When reviewing a trial court’s ruling on a motion to suppress, this court employs a mixed standard of review. The trial court’s findings *135 of historical fact are accorded a presumption of correctness, unless they are not supported by competent, substantial evidence. Connor v. State, 803 So.2d 598, 608 (Fla.2001); McMaster v. State, 780 So.2d 1026, 1028 (Fla. 5th DCA 2001). However, the trial court’s application of the law or its ruling on issues of mixed questions of law and fact are reviewed de novo. Id. An officer’s mere suspicion or hunch that criminal activity is afoot is insufficient to uphold an investigatory stop. Lopez, 923 So.2d at 584. Rather, the police must have a well-founded suspicion that the person committed, was committing, or was about to commit a crime. Id. at 586. This suspicion must be rooted in the factual circumstances observed by the officer and interpreted in light of the officer’s knowledge. Id. at 587; McMaster, 780 So.2d at 1029. It is the circumstances, viewed in their totality, that determine whether an investigatory stop passes constitutional muster. Lopez, 923 So.2d at 587.
In Lopez, an officer received an email from Lopez’s probation officer that Lopez was violating his community control by driving. The probation officer gave the officer Lopez’s address and advised that Lopez was a painter who left for work early in the morning. After verifying that Lopez’s license was suspended and obtaining Lopez’s photograph, the officer drove by the residence and observed a Jeep, with a ladder attached, in the driveway. The Jeep was registered to a woman with the same address as Lopez. Although the officer did not see who got into the Jeep, he observed it leave the house and stop at an intersection with the turn signal activated. Despite having the opportunity to turn, the Jeep remained at the intersection, allowing the officer to drive by and observe a man driving. Upon seeing the police car, the driver of the Jeep abruptly turned and sped back to Lopez’s address. The Jeep was subsequently stopped and Lopez was confirmed to be the driver.
The trial court granted Lopez’s motion to suppress, finding that the officer did not have a reasonable suspicion to stop the Jeep because it was registered to a woman, he did not see who was driving, and no traffic laws were violated. This court reversed, finding that the totality of the circumstances provided reasonable suspicion that Lopez was driving the Jeep, thereby violating his community control.
In the case at bar, the house was not Evans’ known or listed address. Evans was not seen at the house prior to the car pulling up and stopping. There were no distinguishing characteristics of the car that associated it with Evans, unlike Lopez where the truck was consistent with Lopez’s occupation as a painter. Neither Evans, nor anyone matching his description, was seen entering or exiting the car. In fact, the deputies had no information regarding the driver or passengers in the car. The lack of any information corroborating the anonymous tip, facts linking Evans with the house or the car, or observations of criminal activity distinguishes this case from Lopez.
At best, the deputies stopped the car based on an unsubstantiated hunch, similar to the officers in Tinson v. State, 650 So.2d 189 (Fla. 2d DCA 1995). Accordingly, I would reverse.

. No traffic violation was asserted as a basis for the stop.