763 So.2d 1257 (2000)
Herman SAPP, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2923.
District Court of Appeal of Florida, Fourth District.
June 28, 2000.
*1258 Richard L. Jorandby, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melanie Ann Dale, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
This is an appeal from a ruling denying Appellant Herman Sapp's motion to suppress cocaine discovered as a result of a traffic stop. Appellant argues that the "be on the lookout" (BOLO) which precipitated the traffic stop was not sufficiently specific to create a founded suspicion that the occupants of the vehicle in which he was riding had committed or were about to commit a crime. We agree with Sapp and reverse.
Officer Gerald Fuller of the Ft. Lauderdale police department received a BOLO over the police radio that someone had fired gunshots from a "newer white, four-door vehicle containing at least two black males" near 701 Northwest 19th Terrace. Fuller eventually stopped a 1998-white, four-door Dodge Neon in which appellant and another black male were riding approximately five blocks from the site of the shooting. Although Officer Fuller testified that he thought he saw the Dodge Neon about "an hour or so" after he heard the BOLO, on cross-examination he admitted that he heard the BOLO around 7:00 or 8:00 p.m. but did not stop appellant's car until 10:35 p.m. Upon effecting the stop, Officer Fuller approached the vehicle and observed two bags of cocaine in plain view in a compartment of the driver's-side door.
The trial court noted that "it was a very vague description and it's probably a hundred cars driving around in the street at that time that were white and had two black males in it, but that doesn't mean that he shouldn't investigate any of them." The court denied appellant's motion to suppress, and he pled nolo contendere, specifically reserving the right to appeal the court's ruling. The trial court withheld adjudication and sentenced appellant to eighteen months probation.
An investigatory stop involves Fourth Amendment protections; thus, in order to justify an investigatory stop of an individual or a car, an officer must have a reasonable, well-founded suspicion that the person has committed, is committing, or is about to commit a criminal offense. See Williams v. State, 454 So.2d 737 (Fla. 2d DCA 1984). A "founded suspicion" is a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge. See Hunter v. State, 660 So.2d 244, 248 (Fla.1995); see also Walker v. City of Pompano Beach, 763 So.2d 1146 (Fla. 4th DCA 2000).
Several factors are relevant in considering a vehicle stop pursuant to a BOLO: the length of time and distance from the offense, route of flight, specificity of the description of the vehicle and its *1259 occupants, and the source of the BOLO information. See Sumlin v. State, 433 So.2d 1303, 1304 (Fla. 2d DCA 1983). Other information which is relevant to determine the validity of the stop includes the time of day, the absence of other persons or vehicles in the vicinity of the sighting, any other suspicious conduct, and other activity consistent with guilt. See Pierre-Louis v. State, 682 So.2d 669, 670-71 (Fla. 4th DCA 1996).
Reviewing de novo the legal question of whether the facts in this case amount to a reasonable suspicion or probable cause, see Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), we must conclude that the BOLO issued in this case was too general to create any legal justification to stop appellant's car. The BOLO provided no information as to the speed, direction, make or model of the car, the car was stopped some 2½ to 3½ hours after the BOLO was issued, Officer Fuller did not testify that appellant engaged in any suspicious conduct or activity consistent with guilt, and, as the trial court noted below, there were "probably a hundred cars driving around in the street at that time that were white and had two black males in it." Accordingly, we reverse the order denying appellant's motion to suppress.
REVERSED.
KLEIN and HAZOURI, JJ., concur.