872 So.2d 1000 (2004)
Johnny PANTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1480.
District Court of Appeal of Florida, Fourth District.
May 12, 2004.
*1001 Richard C. Komando and Jonathan C. Buckland of Komando & Associates, P.A., Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.
GUNTHER, J.
Johnny Pantin pleaded nolo contendere to felony driving while license revoked (habitual offender). He specifically reserved the right to appeal the denial of his motion to suppress evidence of the crime based on an insufficient BOLO. We reverse.
At approximately 4:15 p.m., the Broward County Sheriff's Office issued a BOLO for a stolen late-model two-door Mitsubishi with one occupant. At the time, Deputy Ivan Roiz was driving westbound on West Hallandale Boulevard in heavy traffic. At approximately 4:30 p.m., he noticed the only automobile in the area matching the BOLO description and conducted a traffic stop.
Pantin was the driver of the car stopped by Roiz. Pantin admitted that he was driving with a suspended license. Roiz confirmed that Pantin's license was revoked due to his status as a habitual offender, and arrested Pantin. However, the Mitsubishi that Pantin was driving was not stolen.
*1002 Pantin was charged by information with felony driving while license revoked (habitual offender). He then filed a motion to suppress the evidence resulting from the traffic stop on the ground that the BOLO was not specific enough to create a legal justification for stopping Pantin's car. The trial court denied the motion. Pantin then pleaded nolo contendere and reserved his right to appeal the ruling.
"The standard of review applicable to a motion to suppress evidence requires that this Court defer to the trial court's factual findings but review legal conclusions de novo." Backus v. State, 864 So.2d 1158, 1159 (Fla. 4th DCA 2003)(citing Batson v. State, 847 So.2d 1149, 1150 (Fla. 4th DCA 2003)).
For an investigatory traffic stop to be lawful, "the police officer must be able to point to specific and articulable facts" that warrant "`intrusion upon the constitutionally protected interests of the private citizen.'" Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967) (citation omitted). Such facts must point to a "reasonable, well-founded suspicion that the person has committed, is committing, or is about to commit a criminal offense," and a mere hunch is insufficient to meet this constitutional burden. Williams v. State, 454 So.2d 737, 738 (Fla. 2d DCA 1984)(citing Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980)). The totality of the circumstances determines whether reasonable suspicion exists. State v. Rizo, 463 So.2d 1165, 1167 (Fla. 3d DCA 1984)(citing Terry; Gorney v. State, 409 So.2d 220 (Fla. 4th DCA 1982)). When an investigatory traffic stop is not based on reasonable suspicion, it violates the Fourth Amendment and is unlawful, making evidence obtained as a result of the stop inadmissible as "fruit of the poisonous tree." Wong Sun v. United States, 371 U.S. 471, 484, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Lee v. State, 868 So.2d 577, 582 (Fla. 4th DCA 2004)(citing Wong Sun); Rizo, 463 So.2d at 1167 (citing Wong Sun).
Pantin contends that the BOLO on which Roiz acted was not specific enough to provide reasonable, well-founded suspicion for conducting an investigatory traffic stop. In support of his contention, Pantin relies on Sapp v. State, 763 So.2d 1257 (Fla. 4th DCA 2000). In Sapp, a BOLO for a "`newer white, four-door vehicle containing at least two black males' near 701 Northwest 19th Terrace" was issued. Id. at 1258. Law enforcement stopped a vehicle matching the description, and containing Sapp and another black male, about five blocks from the stated address, and over two hours after the BOLO was issued. Id. Cocaine was discovered in plain view in the vehicle, and Sapp was arrested and charged. Id. Sapp filed a motion to suppress that was denied by the trial court. Id.
This Court reversed after applying factors relevant to reviewing an investigatory traffic stop based on a BOLO: "the length of time and distance from the offense, route of flight, specificity of the description of the vehicle and its occupants, and the source of the BOLO information." Id. at 1258-1259. This Court held the BOLO in Sapp's case to be too general under these standards because it:
provided no information as to the speed, direction, make or model of the car, the car was stopped some 2 1/2 to 3 1/2 hours after the BOLO was issued, Officer Fuller did not testify that appellant engaged in any suspicious conduct or activity consistent with guilt, and, as the trial court noted below, there were "probably a hundred cars driving around in the street at that time that were white and had two black males in it."
Id. at 1259.
Other cases reach similar conclusions to that in Sapp. For example, in Walker v. *1003 City of Pompano Beach, 763 So.2d 1146 (Fla. 4th DCA 2000), this Court concluded that law enforcement did not have a reasonable, well-founded suspicion to stop a vehicle based on a BOLO for a "small red colored vehicle Nissan/Toyota type" and lacking details of the crime or flight. Id. at 1148.
We conclude that the BOLO in Pantin's case was not sufficient to create a reasonable, well-founded suspicion of criminality to warrant an investigatory traffic stop given the totality of the circumstances. Based on Sapp, the BOLO did not provide an adequate description of the vehicle under pursuit where Roiz did not recall whether it contained any information about the model, color, or window tinting of the vehicle. Roiz also could not recall any information about the speed, direction, or route of the vehicle. This information is especially important in the case at bar because there is no indication of whether the stolen car could be at Pantin's location in heavy traffic in fifteen minutes where the BOLO lacked the location where the car was stolen and its direction of travel. Additionally, Roiz could not indicate whether the source of the BOLO information was included or whether the occupant was further described. Lastly, Roiz did not testify that Pantin was engaged in any conduct indicative of guilt. Therefore, as in Sapp, the BOLO could have described countless cars being driven on the roads of, in this case, south Broward County.
The cases cited by the State in support of the sufficiency of the BOLO are distinguishable from the case at bar. The BOLOs in those cases included significantly more information than the BOLOs in Sapp or the case at bar. The BOLOs included information regarding flight route, vehicle occupant descriptions, detailed car descriptions, and license tag numbers, that are noticeably absent in the case at bar.
As such, the bare bones description in the case at bar leads inexorably to the conclusion that the BOLO was not specific enough to create the reasonable, well-founded suspicion necessary for a traffic stop. As a result, the stop violated the Fourth Amendment and tainted the evidence of Pantin's revoked license, so that the motion to suppress should have been granted by the trial court. Therefore, we reverse.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
FARMER, C.J., and HAZOURI, J., concur.