965 So.2d 376 (2007)
Ryan CHAMBERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2273.
District Court of Appeal of Florida, Fourth District.
October 3, 2007.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

*377 CORRECTED OPINION

PER CURIAM.
Ryan Chambers raises three issues on appeal, only one of which results in a reversal of his conviction and sentence. Chambers contends that the trial court erred by denying his motion to suppress a recorded statement and confession which he alleges was unconstitutional because it was involuntary and coerced.
Chambers was charged with six counts stemming from an incident on December 29, 2003: burglary (dwelling/battery) (Count I); attempted robbery (deadly weapon) (Count II, Pauline Crooks, and Count III, Nicki Crooks); aggravated battery (deadly weapon) (Count IV, Pauline Crooks, and Count V, Nicki Crooks); and aggravated assault (deadly weapon) (Count VI, Nicki Crooks).
These charges were the result of the police interrogation of Chambers, which was recorded and during which Chambers confessed. After the detectives obtained biographical information, Chambers was read his Miranda rights and signed a waiver form. Chambers was questioned about three separate crimes during the interrogation, including the incident involved in this case. Regarding this incident, the detective asserted that a neighbor witnessed the incident and that Nicki Crooks identified Chambers as the perpetrator, so that he would be going away for thirty years for home invasion robbery with a firearm. The detectives also told Chambers that judges were not lenient toward people that did not come clean, especially when the victims could be put on the stand to testify about their fears at the time of the incident. The detectives explained to Chambers that if he told them who else was involved with the incident, they would put in a good word with the prosecutor. The detectives further suggested to Chambers that if he did not tell the truth about the other perpetrators and he knew they had guns and they went out and killed someone, he could be charged with murder. Shortly following this suggestion that he could be charged with murder, Chambers confessed to his involvement in the incident in question. Subsequently, the detectives again explained that they could put a good word in with the prosecutor and the trial judge, but that they had no say in what happened to Chambers and it was up to the judge to determine his sentence.
After he was charged, Chambers filed a motion to suppress. Chambers contended that his statement to law enforcement and confession were not voluntary so that they should be suppressed. Chambers specified certain incidences within his recorded statement that constituted coercion, including the suggestion that he could face a murder charge if he did not tell the truth. Judge Alemán denied Chambers's motion to suppress, and the case proceeded to jury trial before Judge Weinstein.
The jury found Chambers guilty of the lesser included offense of burglary of a dwelling as to Count I and the lesser included offense of attempted robbery with a weapon as to Count II and Count III, but acquitted Chambers of Count IV, Count V, and Count VI. Chambers was then adjudicated guilty and sentenced to fifteen years in prison for each of the three convictions, all to run concurrently.
"`The standard of review applicable to a motion to suppress evidence requires that this Court defer to the trial court's factual findings but review legal conclusions de novo." Pantin v. State, 872 So.2d 1000, 1002 (Fla. 4th DCA 2004) (citations omitted).
The following principles apply to the review of motions to suppress statements and confessions:

*378 For a confession to be admissible, it must be made voluntarily. Brewer v. State, 386 So.2d 232, 235 (Fla.1980). It may not be obtained by threats, promises, or the exertion of any improper influence. Id. "The constitution does not bar the use . . . of any statements that could be construed as a threat or promise, but only those which constitute outrageous behavior and which in fact induce a confession." Nelson v. State, 688 So.2d 971, 974 (Fla. 4th DCA 1997). Thus, there must be a causal nexus between the improper conduct or questioning and the confession. Id. A confession is not involuntary if officers merely inform a suspect of realistic penalties and encourage or request that person to tell the truth. Id. This is equally true if officers tell the suspect that things would be easier on that person if he or she told the truth. Id. at 973; Frazier v. State, 107 So.2d 16, 22 (Fla.1958). An officer's promise to inform prosecutors or the trial court of a suspect's cooperation does not make a confession involuntary. Maqueira v. State, 588 So.2d 221, 223 (Fla.1991); see also Nelson, 688 So.2d at 973. On the other hand, promises not to prosecute may render a confession invalid. See Interest of K.H., 418 So.2d 1080 (Fla. 4th DCA 1982)(finding confession involuntary where officer promised juvenile he would not be charged, promise was withdrawn, and juvenile, who was "none too bright," assumed confession would revive initial promise).
Edwards v. State, 793 So.2d 1044, 1047-1048 (Fla. 4th DCA 2001).
Although Chambers contends that he was coerced during the interrogation in several different fashions, we conclude that only one alleged incident amounts to coercion. Chambers challenges law enforcement's suggestion that he could face murder charges unless he told the truth as an impermissible promise not to prosecute in exchange for the truth. Two decisions cited by Chambers and rendered by this Court support his contention.
First, in Edwards v. State, 793 So.2d 1044 (Fla. 4th DCA 2001), this Court held a confession involuntary where it ensued from an investigator's threat to hit a suspect with every charge he could if the suspect did not tell the truth, and wrote:
Certainly, a threat to charge a suspect with more, and more serious, crimes unless he or she confesses is coercive. Further, it is essentially a promise not to prosecute to the fullest extent allowed by law if that person confesses. Hence, the investigators' threats amounted to an exertion of improper and undue influence, rendering the affected portion of Edwards' statement involuntary.
Id. at 1048. Likewise, in Samuel v. State, 898 So.2d 233 (Fla. 4th DCA 2005), this court held a confession involuntary where it ensued from an officer's threat to charge the suspect with fifteen robberies, where there was evidence of at most nine and probable cause for only one, if he did not tell the truth, writing that "Fowler's promise not to prosecute the other fictional crimes" was coercive and rendered the confession involuntary. Id. at 237.
Based on Edwards and Samuel, we reach the inescapable conclusion that Chambers's confession which almost immediately ensued from what was essentially a promise not to charge him with a "fictional" murder if he told the truth rendered his recorded statement and confession unconstitutional as coerced and involuntary. Therefore, Judge Alemán erred by denying his motion to suppress. Consequently, this case is reversed and remanded for a new trial (on Counts I, II, and III) at which Chambers's recorded statement and confession shall be excluded from evidence. *379 We affirm in all other respects without further comment.
Reversed and Remanded.
GUNTHER, FARMER and MAY, JJ., concur.