987 So.2d 196 (2008)
Jerry JEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3824.
District Court of Appeal of Florida, Fourth District.
July 23, 2008.
*197 Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
We review an order of the trial court denying a motion to suppress evidence seized from Jerry Jean's person in the course of an investigative detention. We reverse the trial court's ruling on the motion.
By way of background, on the day of Jean's arrest, a "be-on-the-lookout" (BOLO) alert was issued in response to a reported attempted burglary of a residence. Jean witnessed four police cars pass him and observed several neighbors in the street. A patrol vehicle stopped near Jean and his companions. The unidentified police officer got out of his vehicle with his taser and ordered Jean and his companions to get on the ground. Thereafter, two other police officers appeared to serve as backup. Both observed Jean under the control of a third officer. During this initial contact Jean was Mirandized[1] and searched while handcuffed. Two Xanax pills and two grams of cannabis were discovered on his person. Jean was arrested and charged with unlawful possession of these controlled substances.
Jean moved to suppress the state's evidence on the basis that his detention and subsequent search were done without the necessary reasonable and articulable suspicion that he had committed, was committing, or was about to commit a crime. At the hearing on the motion to suppress, both backup officers testified that Jean matched the description in the BOLO but neither provided any specificity regarding the description of the suspect reported in the BOLO. The officer who initiated Jean's detention did not testify. Jean moved to suppress the state's evidence which consisted of pills, cannabis, lab results, and statements on the grounds that the police lacked reasonable suspicion to support his detention. The trial court denied the motion to suppress. Thereafter, Jean accepted a plea agreement from the state, preserving the right to appeal the trial court's ruling on his motion to suppress.
"`The standard of review applicable to a motion to suppress evidence requires that this Court defer to the trial court's factual findings but review legal conclusions de novo.'" Pantin v. State, 872 So.2d 1000, 1002 (Fla. 4th DCA 2004) (quoting Backus v. State, 864 So.2d 1158, 1159 (Fla. 4th DCA 2003)). In as much as we accept the trial courts findings of fact, the suppression order at issue here turns on a question of law. Therefore, we review the order de novo. See Ikner v. State, 756 So.2d 1116, 1118 (Fla. 1st DCA 2000).
*198 We begin our analysis with the well-established principal that an officer may conduct an investigatory stop based on specific and articulable facts that point to a reasonable, well-founded suspicion that a person has committed, is committing, or is about to commit a crime. See Pantin, 872 So.2d 1000, 1002 (Fla. 4th DCA 2004); (citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). A mere hunch or suspicion is not enough to support a stop. Popple v. State, 626 So.2d 185 (Fla.1993); Rodriguez v. State, 948 So.2d 912, 914 (Fla. 4th DCA 2007). In determining the legality of a stop as a consequence of a BOLO, this court has looked to factors such as the length of time and distance from the offense, specificity of the description of the alleged perpetrator(s), the source of the BOLO information, the time of day, absence of other persons in the vicinity of the sighting, suspicious conduct, and any other activity consistent with guilt. Rodriguez v. State, 948 So.2d 912, 914 (Fla. 4th DCA 2007) (quoting Sapp v. State, 763 So.2d 1257, 1258-59 (Fla. 4th DCA 2000)).
In this case, the incident occurred in the middle of the day in a residential neighborhood. Jean testified that he had been at a friend's house who lived several blocks from his mother's house. Shortly after the burglary was reported, Jean and his companions were stopped within a few blocks of the incident. The two back-up officers testified that Jean met the description in the BOLO. However, neither officer provided the description of the suspects in the BOLO and there was no in-court identification.
Despite the fact that Jean was found in close proximity to the scene of the crime, there is no evidence that he or his companions were acting suspiciously or attempting to flee. Furthermore, Jean had a reasonable explanation why he was in the neighborhood. Finally, the State's witnesses did not identify the source of the BOLO, or the BOLO's description of the suspects. In short, other than the conclusory statement that Jean matched the BOLO's description of one of the suspects, there was no evidence presented that would provide a reasonable suspicion of criminal activity that would justify the stop and detention. Pantin, 872 So.2d 1000 (Fla. 4th DCA 2004).
Reversed.
SHAHOOD, C.J., and KLEIN, J., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).