GREEN, J.
(specially concurring).
I concur in the majority opinion as we are required to follow State v. Gelin, 844 So.2d 659 (Fla. 3d DCA 2003). I write *1157 separately, however, to explain that Pantin v. State, 872 So.2d 1000 (Fla. 4th DCA 2004), is factually distinguishable. In Pan-tin, the BOLO was not sufficient to create a reasonable, well-founded suspicion of criminality to support the investigatory traffic stop of Pantin’s vehicle. The vehicle description was insufficient and, as the Pantin court concluded, “the BOLO could have described countless cars being driven on the roads” at rush hour traffic. 872 So.2d at 1003. In the present case the BOLO contained more specific information supporting the investigatory stop. Reversal is therefore appropriate.