DAMOORGIAN, J.
Defendant, Jose Rafael Garcia, appeals his judgment and sentence for two counts of sexual battery on a person less than twelve years of age and one count of tampering with a witness, raising several issues for our consideration. We affirm Garcia’s judgment and sentence and write only to address his argument that the trial court erred in denying his motion to suppress his confession.
In 1996, the victim, seven years old at the time, complained to her mother that she was experiencing pain in her private area. As a result, the victim’s mother took her to seek medical treatment. During her examination, the doctor observed that the victim had contracted a sexually transmitted disease and had suffered physical trauma to the affected area. The victim told the doctor that it was the defendant who caused her injuries. After discovering the abuse, the doctor contacted the police and child protective services.
Garcia’s initial contact with the police took place outside the doctor’s office. At that point, a detective identified himself and asked to speak to Garcia. Garcia was read his Miranda[1] rights and was advised that the conversation was recorded. After Garcia denied molesting the victim, the detective handcuffed Garcia. A discussion ensued between the detective and Garcia during which the detective made the following statements:
[Detective]: Now, I think that you might have been lying to me because you want to avoid going to jail but now that you see that you are under arrest, maybe it’s time for you to admit that you have a problem or show some remorse because right now, you are showing no remorse, okay? You know what it means? You know.
[[Image here]]
[Detective]: ... I don’t want you to confess because we have handcuffs on you. All I’m trying to tell you is right now it’s your chance to say you made a mistake. If you admit to things, you make mistakes, you made a bad choice; but if you deny this, in my book, you are a criminal.
[[Image here]]
[Detective]: Oh, no, no, okay. (Inaudible) not accidental. No, I am going to turn off this tape unless you want to say something else.
You want to say something before I turn off this tape because a Judge might be listening to us, a jury, this is your chance to explain to the jury maybe that you are sorry, you made a mistake, that you are not a criminal, all you need is help (inaudible) so you don’t want to touch [the victim] any more. You want to say that (inaudible).
During this initial conversation Garcia admitted to molesting the victim. Garcia was then transported to the police station. While being transported, Garcia stated that he was ashamed of what he did and that the victim was telling the truth. While at the police station, Garcia was read his Miranda rights a second time and again admitted to molesting the victim. Garcia sought to suppress his confession which the trial court denied after concluding that Garcia’s statements were voluntary.
On appeal, Garcia argues that the following statement made by the detective was an implied promise of leniency that rendered all of his subsequent confessions involuntary: “[a]ll I’m trying to tell you is right now it’s your chance to say you made a mistake. If you admit to things, you make mistakes, you made a bad choice; *1099 but if you deny this, in my book, you are a criminal.”
“[A] trial court’s ruling on the vol-untariness of a waiver of Miranda rights will not be reversed on appeal unless the ruling is clearly erroneous.” Brookins v. State, 704 So.2d 576, 577-78 (Fla. 1st DCA 1997) (citing Thompson v. State, 548 So.2d 198 (Fla.1989)).
In order for a confession to be admissible into evidence, it must be voluntary. Edwards v. State, 793 So.2d 1044, 1047 (Fla. 4th DCA 2001). The government must prove voluntariness by a preponderance of the evidence. U.S. v. Leon Guerrero, 847 F.2d 1363, 1365 (9th Cir.1988). “The test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect’s will was overborne.” Id. at 1366. “The constitution does not bar the use ... of any statements that could be construed as a threat or promise, but only those which constitute outrageous behavior and which in fact induce a confession.” Nelson v. State, 688 So.2d 971, 974 (Fla. 4th DCA 1997). There must also be a causal nexus between the improper conduct or questioning and the confession. Id. A confession is not involuntary if officers do nothing more than “encourage or request that person to tell the truth.” Chambers v. State, 965 So.2d 376, 378 (Fla. 4th DCA 2007).
We do not reach the question of whether the detective’s promise was “outrageous,” because the detective’s statements do not constitute or suggest a promise of leniency. The detective’s statement that “[i]f you admit to things, you make mistakes, you made a bad choice; but if you deny this, in my book, you are a criminal,” was merely moral urging. “Encouraging] or request[ing][a] person to tell the truth” does not result in an involuntary confession. Id. at 378.
In McNamee v. State, 906 So.2d 1171 (Fla. 4th DCA 2005), a detective questioning a juvenile elicited a confession from the defendant after reading a Bible passage and telling the defendant “the truth shall set you free.” Id. at 1175. This Court held that there was “no improper conduct on the part of law enforcement” and that the record did not support the claim that “law enforcement’s religious references improperly coerced the defendant’s confession.” Likewise, here, the detective did not engage in improper conduct because he merely encouraged Garcia to confess.

Affirmed.

MAY and LEVINE, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).