80 So.3d 1125 (2012)
M.M., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D11-532.
District Court of Appeal of Florida, Fourth District.
February 29, 2012.
Carey Haughwout, Public Defender, and Travis Dunnington, Assistant Public Defender, West Palm Beach, for appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney *1126 General, West Palm Beach, for appellee.
LEVINE, J.
The issue presented is whether law enforcement officers had reasonable suspicion to stop and frisk appellant after the report of an armed robbery. We find, based on the specific facts of this case, that the officers lacked reasonable suspicion to stop and frisk appellant. Accordingly, we reverse the trial court's denial of appellant's motion to suppress.
Sergeant Anton of the Davie Police Department was dispatched to an area in reference to an armed robbery. The sergeant later described this area as a "high crime area" known for "robberies, burglaries and narcotics." The only information he had was transmitted by a BOLO stating that "two white males had just robbed the victim at gunpoint and fled the area on foot." The sergeant never spoke with the alleged robbery victim, nor was he ever apprised of any information from the alleged victim. At about 12:30 a.m., the sergeant encountered appellant and another individual about three blocks from the area of the alleged robbery. Appellant and the other individual were walking away from the area of the alleged robbery at that time. Less than three minutes elapsed from the time of the dispatch regarding the alleged robbery to the time the sergeant contacted appellant and the other individual.
The sergeant detained the two individuals, "not knowing if they were involved in a crime." The sergeant told appellant and the other individual to put their hands on the hood of his car. At the later suppression hearing, the sergeant testified that he "had no clue in knowing if these were the guys that were involved in this or if we still had people out on the loose." The sergeant did not observe any bulges in appellant's clothing, and on cross-examination, he acknowledged there were other people outside on the street when he stopped appellant and the other person. Another officer who came to the scene patted down appellant. The officer felt a bulge in appellant's right pocket. The officer could not say whether the bulge was a weapon. The officer asked appellant if he could take out the bulge from appellant's pocket, to which appellant responded, "Yes." The officer then discovered a bag of marijuana.
Appellant filed a motion to suppress that was denied by the trial court. Appellant and the state agreed that the motion to suppress was dispositive, and appellant entered a plea of no contest, while reserving his right to appeal. This appeal ensues.
In evaluating a trial court's ruling on a motion to suppress, this court's "review of the trial court's application of the law to the historical facts is de novo." Rigterink v. State, 66 So.3d 866, 884 (Fla. 2011). This court should "interpret the evidence and reasonable inferences derived therefrom in a manner most favorable to" sustaining the ruling of the trial court. Fuentes v. State, 24 So.3d 1231, 1234 (Fla. 4th DCA 2009) (citation omitted).
The state claims that the officers had sufficient evidence demonstrating reasonable suspicion and permitting the officers to detain appellant. At the level of "police-citizen encounters involv[ing] an investigatory stop ... a police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime." Popple v. State, 626 So.2d 185, 186 (Fla.1993). "[A]n investigatory stop requires a well-founded, articulable suspicion of criminal activity. *1127 Mere suspicion is not enough to support a stop." Id.
In this case, the stop of appellant rested entirely on the description from the BOLO. As this court has explained:
In determining the legality of a stop as a consequence of a BOLO, this court has looked to factors such as the length of time and distance from the offense, specificity of the description of the alleged perpetrator(s), the source of the BOLO information, the time of day, absence of other persons in the vicinity of the sighting, suspicious conduct, and any other activity consistent with guilt.
Jean v. State, 987 So.2d 196, 198 (Fla. 4th DCA 2008).
In the present case, we find that the BOLO lacked sufficient specificity to provide the sergeant with reasonable suspicion justifying the stop of appellant. "[A] vague description simply would not justify a law enforcement officer in stopping every individual who ... might possibly meet that description." State v. Hetland, 366 So.2d 831, 839 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (Fla.1980). The BOLO informed the officers to look for two white males fleeing the scene on foot. It lacked any other descriptive information as to the men's height, weight, age, or clothing, and did not indicate a speed or direction of travel. Further, the sergeant did not observe appellant engaging in any suspicious conduct or behavior consistent with participation in a recent armed robbery. See Jean, 987 So.2d at 198 ("Despite the fact that Jean was found in close proximity to the scene of the crime, there is no evidence that he or his companions were acting suspiciously or attempting to flee."). Indeed, the sergeant testified that he "had no clue" whether appellant was involved in a crime. Lastly, appellant and the other individual were not the only people "in the vicinity of the sighting" that night. Id.
We have found reasonable suspicion lacking where stops were based on BOLOs even more specific than the one relied on by the officers in this case. In Pantin v. State, 872 So.2d 1000, 1001, 1003 (Fla. 4th DCA 2004), this court determined that a BOLO for a "stolen late-model two-door Mitsubishi with one occupant" provided only a "bare bones description" and was insufficient. See also Sapp v. State, 763 So.2d 1257, 1258 (Fla. 4th DCA 2000) (BOLO for "newer white, four-door vehicle containing at least two black males" near an address was insufficient); L.T.S. v. State, 391 So.2d 695, 695, 696 (Fla. 1st DCA 1980) (BOLO for "at least two white males with curly hair" who had just robbed a store found to be "lacking in specificity"). In this particular case, the limited description in the BOLO "could have fit many men," and we find that it could not have provided the sergeant with the reasonable suspicion necessary to justify stopping appellant. Taylor v. State, 695 So.2d 503, 505 (Fla. 2d DCA 1997).
We therefore reverse the trial court's denial of appellant's dispositive motion to suppress with directions to discharge appellant.
Reversed and remanded.
TAYLOR and GERBER, JJ., concur.